**John Vernon JOHNSON, Relator,**

v.

**Honorable Fred S. HARLESS, Judge of the 116th Judicial District Court, Dallas County, Texas, Respondent.**

No. C–2048.

Supreme Court of Texas.

May 18, 1983.

Rehearing Denied June 22, 1983.

Cox & Bader, Bertran T. Bader, III, Dallas, for relator.

Jerry Zunker, Gen. Counsel, State Bar of Tex., Steven M. Smoot, Asst. Gen. Counsel, Austin, for respondent.

PER CURIAM.

This is an original mandamus action in which relator, John Vernon Johnson, seeks a writ of mandamus directing Judge Fred S. Harless to rescind his order reinstating the appeal Johnson filed from a public reprimand and then non-suited. The writ is conditionally granted.

The Sixth District Grievance Committee of the State Bar of Texas instituted grievance proceedings against Johnson which resulted in the issuance of a public reprimand. Johnson filed a suit in district court to set aside the reprimand, and the State Bar answered by filing a general denial.

On January 18, 1983 Johnson filed his notice of non-suit, and Judge Harless rendered an order of non-suit on the same date. On February 8 the State Bar filed a motion to set aside the non-suit. Judge Harless ordered the cause reinstated on April 5.

Rule 164 of the Texas Rules of Civil Procedure states that a plaintiff may take a non-suit at any time before he rests his case, provided that the adverse party has not filed a claim for affirmative relief. In *Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982) (per curiam), we held that a trial judge has a ministerial duty to grant a non-suit if the defendant has not filed a timely claim for affirmative relief.

The State Bar urges Johnson did not have the right to take a non-suit, because he was not the real plaintiff in the case. This argument is based on the fact that appeals from public reprimands are tried de novo, and the State Bar bears the burden of proof. *See State Bar of Texas v. O'Dowd,* 553 S.W.2d 822, 824 (Tex.Civ.App.—Houston [14th Dist.] 1977, no writ); *State Bar of Texas v. Semaan,* 508 S.W.2d 429, 433 (Tex. Civ.App.—San Antonio 1974, writ ref'd n.r. e.). The State Bar also argues that permitting Johnson to take a non-suit would leave the finality of the public reprimand in question.

■ We disagree with the State Bar for a number of reasons. Article XII, section 16(b) of the State Bar Rules provides as follows:

If the accused shall deem the reprimand unwarranted, he may within ten days after delivery or mailing thereof, file suit in the district court of the county of his residence to set the same aside, failing which, the reprimand shall become final. . . .

It logically follows that if the accused takes a non-suit in his suit to set aside the reprimand, the reprimand becomes final. In addition, article XII, section 16(b) does not permit the State Bar to bring an appeal. Therefore, the State Bar may not assert a cause of action independent of Johnson's claim and thereby defeat his absolute right to take a non-suit. Furthermore, the order of reinstatement is void because it was rendered almost three months after the order of non-suit. Judge Harless lost jurisdiction over the case thirty days after the order of non-suit was signed. *Case v. Walker,* 573 S.W.2d 513, 515 (Tex.1978); Tex.R.Civ.P. 329b.

Judge Harless' order reinstating the case conflicts with our holding in *Greenberg v. Brookshire* and with Tex.R.Civ.P. 164 and 329b. Therefore, without hearing oral argument, we conditionally grant the writ of mandamus pursuant to Tex.R.Civ.P. 483. If Judge Harless fails to vacate his order reinstating the case, the writ will issue.