**MISSOURI PACIFIC RAILROAD COMPANY, Relator,**

v.

**The Honorable Melvin D. WHITAKER, Presiding Judge, 349th Judicial District, Anderson County, Respondent.**

No. 12–91–00199–CV.

Court of Appeals of Texas, Tyler.

Aug. 23, 1991.

Michael Hatchell, Molly Anderson, Tyler, James N. Parson, III, Palestine, Holly H. Williamson, and Norma G. Davenport, Houston, for relator.

J. Donald Bowe, David R. Miller, Houston, and Charles W. Nichols, Palestine, for respondent.

PER CURIAM.

This is an original mandamus proceeding which arises out of the trial court's order granting real party in interest Gerald J. Taylor's amended motion to reinstate his case following Taylor's voluntary nonsuit of the case. Relator herein seeks leave to file its petition for writ of mandamus to vacate the trial court's order of reinstatement. Because we find that appellant has an adequate remedy at law, we will overrule relator's motion for leave to file its petition.

Mandamus will lie only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is *no* adequate remedy at law. *Champion v.*

---

*Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1989); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). "An appellate court acts in excess of its writ power—abuses its discretion—when it grants mandamus relief absent these circumstances." *Champion,* 762 S.W.2d at 899, *citing, Johnson v. Fourth Court of Appeals,* 700 S.W.2d at 917. Although relator cites several cases in support of its contention that it is entitled to mandamus relief because the trial court abused its discretion, none of those cases involves a mandamus proceeding. Instead, they involve appeals from the trial court's *denial* of a motion for reinstatement. The only case we have found which deals with the seeking of mandamus relief from the granting of a motion to reinstate is *Glidden Stores v. Boyd,* 116 Tex. 172, 287 S.W. 1093 (1926), in which the court denied mandamus relief on the theory that relator's application for mandamus relief demonstrated an adequate remedy at law.[1]

■■■ Since we have found no precedent for the granting of mandamus relief from an order granting a motion to reinstate, we have examined the law pertaining to the availability of mandamus relief from the granting of a motion for new trial. Gener-

ally, mandamus relief is not available to vacate an order granting a new trial. *Johnson v. Court of Civil Appeals,* 162 Tex. 613, 350 S.W.2d 330, 331 (1961). *Also see Cecil v. Smith,* 804 S.W.2d 509, 515 (Tex.1991) *(dissenting opinion at n. 7).* The two exceptions to this general rule are: (1) where the trial court rules *after* its jurisdiction expires, and (2) where a new trial is granted because of a perceived conflict in the jury verdict. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d at 918; *Johnson v. Court of Civil Appeals,* 350 S.W.2d at 331. Neither of these exceptions applies to the instant case.[2] Thus, if an order granting a new trial in a case which has already been tried is not reviewable by mandamus, a mandamus proceeding should not be available to review an order *reinstating* a case which has not yet gone to trial.

Relator does not dispute the fact that following a trial on the merits, it can raise on appeal the issue of the propriety of the trial court's order of reinstatement. We find that the right of appeal in this instance constitutes an adequate legal remedy. In making this ruling, the Court has given due consideration to the case of *Jampole v. Touchy,* 673 S.W.2d 569, 572 (Tex.1984),[3]

1. In *Glidden,* the real party in interest had obtained the reinstatement of his case more than thirty days after the order of dismissal was entered. In its application for mandamus relief, Relator argued that the real party in interest had failed to comply with the time requirements for obtaining a new trial under the Practice Act. The court dismissed Relator's application stating that if, as Relator alleged, the order in question was one granting a new trial under the Practice Act, then Texas law provides an adequate remedy at law by appeal.

2. We disagree with Relator's contention that the trial court lost jurisdiction over Taylor's case at the instant Taylor's motion for nonsuit was filed. The question of a trial court's authority to entertain a motion for reinstatement following a voluntary nonsuit is not novel. Upon the plaintiff's timely filing of a motion to reinstate, the trial court may, in its sound discretion, reinstate a cause of action previously dismissed by voluntary nonsuit. *See McClendon v. State Farm Ins. Co.,* 796 S.W.2d 229, 232 (Tex.App.—El Paso 1990, writ den'd); *Chester v. Texas Employers Ins. Ass'n,* 265 S.W.2d 648, 649 (Tex.Civ. App.—Texarkana 1954, writ ref'd n.r.e.).

Taylor filed his motion for nonsuit on May 10, 1991, and thereafter filed a motion to with-

draw the nonsuit on May 13, 1991. On May 14, 1991, the trial court made a notation on the docket sheet that the order of dismissal was set aside. Following Relator's filing of a motion to vacate the May 14 "order," Taylor filed a new motion to reinstate the case and a hearing was thereafter conducted. Following that hearing, a new order reinstating the case was signed on June 7, 1991. All of these matters transpired within 30 days after the motion for nonsuit was filed, and consequently, within the period during which the trial court still maintained jurisdiction.

3. *Jampole* involved the seeking of mandamus relief from a trial court's discovery order which severely limited the plaintiff's discovery rights. In *Jampole,* the court held that:

The trial court's action in this case effectively prevents Jampole from proving the material allegations of his lawsuit. On appeal, it is unlikely he would be able to show that the trial court's errors were harmful ... Because the evidence exempted from discovery would not appear in the record, the appellate courts would find it impossible to determine whether denying the discovery was harmful. It is no answer to presume harm whenever a party

but finds the facts and issues presented therein significantly distinguishable from those in the instant case.

Relator's motion for leave to file its petition for writ of mandamus is overruled.

can show on appeal that proper discovery was denied. Such a rule would reinstate the abandoned doctrine of presumed harm ... Moreover, requiring a party to try his lawsuit, *debilitated by the denial of proper discovery,* only to have that lawsuit rendered a certain nullity on appeal, falls well short of a remedy by appeal that is 'equally convenient, beneficial, and effective as mandamus.' (Emphasis added.)