**Jane Ewing BARNARD, Appellant,**

v.

**William Henry BARNARD, Appellee.**

**No. 2–93–020–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 20, 1993.

Rehearing Overruled Nov. 16, 1993.

---

Law Office of Petrovich & Giraud and George J. Petrovich, Jr., Fort Worth, for appellant.

Ross & Hartley, P.C. and Deborah K. Hartley, Arlington, for appellee.

Before HILL, C.J., and WEAVER and DAY, JJ.

## OPINION

DAY, Justice.

Jane Ewing Barnard (appellant) appeals from the trial court's interpretation of a 1978 divorce decree dividing military retirement benefits.

We reverse and remand.

In her first two points of error, appellant complains the trial court improperly allowed William Henry Barnard (appellee) to collaterally attack an unambiguous final judgment. In point three, appellant complains the trial court applied an erroneous apportionment formula to the retirement benefits. In point four, appellant contends the trial court was without authority to render judgment in this case because of a defect of parties.

The 1978 divorce decree provides, in pertinent part:

> Petitioner is hereby awarded the following amount of Respondent's *military retirement benefits* as determined by the following formula:
>
> One hundred sixty-eight (168) over the total number of months of actual service of the Respondent [appellee] *at the time of his retirement* divided [sic][1] by one-half (½). The Respondent is hereby made a Trustee of any retirement benefits due to the wife and shall promptly remit her portion of such retirement benefits to her immediately upon receipt thereof as hereinafter ordered. [Emphasis added.]

Appellant interprets the 1978 divorce decree to provide that she is entitled to ½ of $^{168}\!/\!_{320}$ of appellee's *total* pension benefits. Contending appellee failed to pay her the full portion of benefits she was awarded, appellant filed a motion to enforce the decree on May 16, 1991. The parties agreed to try the cause to the court on stipulated facts and trial briefs. Appellee filed his trial brief and stipulated facts on July 20, 1992. Three days later, appellee died. Appellant filed her trial

---

1. The stipulations of fact filed by the parties indicate the word "multiplied" should have been used. Appellant was to receive ½ of 168 over the number of months appellee served in the military.

brief on July 30, 1992, and the trial court rendered judgment in the case on September 28, 1992.

The stipulated facts on which the case was tried are as follows:

1. Appellee entered the United States Marine Corps on March 7, 1956, having four months of prior NROTC service.

2. Appellant and appellee were married on July 18, 1964.

3. They were divorced on August 10, 1978 after 168 months of marriage.

4. On the date of divorce, appellee had 273 months of creditable military service.

5. Had appellee retired on the date of divorce, he would have been entitled to $1,252.69 per month gross retired pay.

6. Appellee actually retired from active military duty on June 30, 1982, with a total of 320 months of service. He began receiving gross retired pay of $2,134.61.

7. The following cost of living adjustments were made to retirees after July 30, 1982:

| April 1983 | 3.3 percent increase |
|---|---|
| December 1984 | 3.5 percent increase |
| December 1986 | 1.3 percent increase |
| December 1987 | 4.2 percent increase |
| December 1988 | 4.0 percent increase |
| December 1989 | 4.7 percent increase |
| December 1990 | 5.4 percent increase |
| December 1991 | 3.7 percent increase |

8. The trial court awarded appellant 50 percent of the community property portion of appellee's retired pay.

9. The divorce decree awards appellant one-half of $\frac{168}{320}$ of appellee's *retired pay*, or 26.25 percent.

10. 26.25 percent of $1,252.69, the amount of gross pay appellee would have been entitled to had he retired on August 10, 1978 is $328.83.

11. 26.25 percent of $2,134.61, the amount of gross retired pay appellee began to receive when he actually retired on June 30, 1982 is $560.33.

12. Appellant filed a motion to enforce order on May 16, 1991.

13. As of June 1992, appellee had paid appellant a total of $57,230.00 as her portion of his retired pay since June 30, 1982.

After considering the stipulated facts and the parties' trial briefs, the 1992 trial court rendered judgment that the retirement benefits should be valued *as of the date of divorce.* In other words, the trial court ruled that the proper equation for determining appellant's portion of the benefits is:

$$\frac{1}{2} \times \frac{168}{320} \times \$1,252.69 = \$328.82 \text{ per month.}$$

The trial court also found the divorce decree awards appellant a portion of appellee's post-retirement cost of living adjustments. Finally, the trial court found appellee had overpaid retirement benefits to appellant by the sum of $12,188.05.

In general, a judgment should be construed in the same manner as other instruments. *State Farm Lloyds, Inc. v. Williams,* 791 S.W.2d 542, 546 (Tex.App.—Dallas 1990, writ denied); *Ellis v. Mortgage and Trust, Inc.,* 751 S.W.2d 721, 723 (Tex. App.—Fort Worth 1988, no writ). If, taken as a whole, the judgment is unambiguous, the court must declare the effect of the judgment in light of the literal meaning of the language used. *Lohse v. Cheatham,* 705 S.W.2d 721, 726 (Tex.App.—San Antonio 1986, writ dism'd).

Appellant contends the divorce decree unambiguously awards her $\frac{1}{2}$ of $\frac{168}{320}$ of appellee's total retirement benefits. Appellant further contends the 1992 trial court, by valuing the pension benefits as of the date of divorce, improperly modified the decree. Appellee, on the other hand, asserts the decree is ambiguous.[2] Relying on *Berry v. Berry,* 647 S.W.2d 945, 947–48 (Tex.1983), appellee urges, and the 1992 trial court apparently agreed, that the retirement benefits must be valued as of the date of divorce.

**2.** On appeal, appellee contends "the dates and dollar amounts" necessary to determine appellant's claim for enforcement of the decree are subject to "objective verification." He argued to the 1992 trial court that the decree is ambiguous because it does not address the date on which the retirement benefits should be valued.

■ Since the divorce decree, which the parties agree is a final judgment, was rendered in 1978, we will look to the law in effect in 1978 to determine whether it is ambiguous.

In *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), the supreme court considered the division of military retirement benefits under facts similar to those presented here. The husband began serving in the United States Navy, after which the parties were married. They later divorced, prior to the husband's retirement. *Id.* at 423. Upon retirement, the husband had completed 30 years, or 360 months, service in the Navy. *Id.* The divorce decree did not mention retirement benefits, so the wife filed a post-divorce partition suit once the husband became eligible to receive them. *Id.*

The supreme court found the Taggarts were married 246 of the 360 months the husband was in military service. The court then found the wife was entitled to ½ of $^{246}\!/_{360}$ of the husband's *total* retirement pay. *Id.* at 424.

■ Although the instant case does not involve a post-divorce partition suit, we believe *Taggart* is highly relevant to our construction of the Barnards' divorce decree. Appellee began his military service before his marriage to appellant, and the parties were divorced four years before appellee retired. The Barnards' divorce decree awards appellant ½ of $^{168}\!/_{320}$ of appellee's *military retirement benefits*. Applying *Taggart* to this language, we find the decree unambiguously awards appellant ½ of $^{168}\!/_{320}$ of appellee's *total* military retirement benefits.

*Cearley v. Cearley*, 544 S.W.2d 661 (Tex. 1976) also addressed a fact situation chronologically identical to the one before us. The husband enlisted in the United States Air Force in 1956, and the parties were married in 1957. *See Cearley v. Cearley*, 536 S.W.2d 96, 97 (Tex.Civ.App.—Austin), *rev'd*, 544 S.W.2d 661 (Tex.1976). The Cearleys were divorced in 1975, and the husband retired from the Air Force in 1976, having completed the 20 years of military service necessary for the receipt of retirement benefits. *Id.* at 544 S.W.2d 661–62.

In the judgment granting divorce and dividing the parties' property, the trial court ordered: "If and when Robert L. Cearley ... retires and receives a retirement benefit ... then, and in such an event, the Petitioner (Shirley Cearley) is to receive one-half (½) of 18 of the fraction of the number of years of active service until retirement...." *Cearley*, 544 S.W.2d at 662. This language is nearly identical to the language in the Barnards' decree.

The facts of *Cearley* show the husband was ineligible for any retirement benefits on the date of the parties' divorce because he had not yet completed 20 years service in the military. In addition, that opinion does not state whether it was possible to ascertain the value of the unaccrued benefits at the time of divorce. Notwithstanding, the supreme court affirmed the trial court's judgment, stating:

> We approve this method of apportionment and award of contingent interests in military retirement benefits *because of the uncertainties affecting the accrual and maturity of such benefits*. This method will forego the difficulty of computing a present value and *will fairly divide the risk that the pension may fail to mature*.

*Id.* at 666 (emphasis added).

Applying *Cearley* to the apportionment language in the Barnards' divorce decree, we find the Barnard decree unambiguously awards appellant ½ of $^{168}\!/_{320}$ of appellee's *total* military retirement benefits.

We realize that *Berry* says the supreme court had resolved the valuation date issue as early as 1965. *See Berry*, 647 S.W.2d at 946, quoting *Herring v. Blakeley*, 385 S.W.2d 843, 845, 848 (Tex.1965):

> We have concluded that the employee's interest in both plans was community property, and that as of the date of the divorce, Ellen Davis Herring is entitled to one-half of the value of these plans....
>
> ....
>
> We come now to the judgment to be entered in this case. Since there is no evidence of the value of James Herring's interest in the two plans on the date of the divorce, the cause is remanded to the trial

court with instructions to ascertain such value and to award Ellen Davis Herring one-half of the value of James Herring's interest in both plans *as of August 2, 1960, the date of the divorce....*

*Berry,* 647 S.W.2d at 946 (emphasis in original). The 1978 trial court in our case did not have the benefit of *Berry,* however. *Taggart* and *Cearley* were the most recent supreme court cases on the valuation of military retirement benefits in 1978.[3] The language in the Barnards' divorce decree leads us to the conclusion that the 1978 trial court followed these cases, reasonably assuming them to be the most up-to-date law on this issue. Even if this apportionment is improper in light of present case law, we are without authority to alter it. Rather, the decree is enforceable as written. *See Baxter v. Ruddle,* 794 S.W.2d 761, 762–63 (Tex.1990).

We therefore hold the Barnards' divorce decree unambiguously awards appellant ½ of $168/920$ of appellee's total retirement pay. Applying this formula to the facts as stipulated by the parties, appellant was entitled to 26.25 percent of $2,134.61, or $560.33 per month as of the date of appellee's retirement. Based on the $560.33 per month figure, and taking into consideration the stipulated cost of living increases since June 30, 1982, we find appellee is entitled to $76,752.17 of the retirement benefits under the divorce decree. Appellee has paid $57,230.00, leaving a deficiency of $19,522.17.

■ Moreover, even if the Barnards' divorce decree is ambiguous concerning the date of valuation of the pension benefits (and we do not imply that it is), the benefits must be valued as of the date of appellee's retirement. If the language in a judgment is susceptible of two interpretations, the construction that correctly applies the law should be adopted. *Gough v. Jones,* 212 S.W. 943, 944 (Tex.Comm'n App.1919, holding approved). *See also State Farm Lloyds,* 791 S.W.2d at 546 (interpretation of judgment that harmonizes it with the facts and *the law of the case* should be adopted). Interpreting the Barnards' decree in conformity with 1978 case law leads us to the conclu-

sion that the benefits must be valued as of the date of retirement.

Because we find the divorce decree is unambiguous, we also find the 1992 trial court, by valuing the pension benefits at the date of divorce, improperly modified it. We therefore sustain appellant's first point of error. In light of our holding with regard to this point of error, we deem it unnecessary to consider points of error two and three.

In her remaining point of error, appellant complains the 1992 trial court rendered judgment in this case after appellee's death and before a legal representative of appellee's estate was appointed.

When a party in a jury case dies between verdict and judgment, or a party in a nonjury case dies after the evidence is closed and before judgment is pronounced, judgment shall be rendered and entered as if all parties were living. Tex.R.Civ.P. 156.

The parties agreed to try this case to the court on stipulated facts and trial briefs. The stipulations of fact and appellee's trial brief were filed on July 20, 1992, three days before appellee's death. The 1992 trial court's judgment recites that all issues were submitted to the court "by agreement of the parties on stipulated facts." Appellant has directed us to no evidence in the record showing factual matters other than those contained in the stipulations of fact were submitted to the trial court. We therefore find the evidence was closed before appellee died, and the trial court properly proceeded to judgment in this case.

Point of error four is overruled.

We reverse the trial court's judgment and remand the cause to the trial court for entry of an order awarding appellant $19,522.17 and for consideration of interest and attorney's fees.

---

3. Notably, the *Cearley* court cited *Herring v. Blakeley* but did not require Robert Cearley's

pension benefits to be valued as of the date of divorce. *See Cearley,* 544 S.W.2d at 665.