QUANTO INTERNATIONAL COMPANY, INC., Relator,

v.

The Honorable Russell LLOYD, Judge of the 334th District Court, Harris County, Texas, Respondent.

No. 01–94–00942–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 4, 1995.

Daniel J. Leftwich, Washington, DC, for relator.

William Pannill, Roy L. Barnes, Houston, for respondent.

Before LEE DUGGAN, Jr., HUTSON–DUNN and ANDELL, JJ.

## OPINION

LEE DUGGAN, Jr.,* Justice (Retired).

Quanto International Company, Inc., relator and plaintiff in the trial court, filed a motion for leave to file a petition for writ of mandamus, asking this Court to order Judge Lloyd to vacate the following orders: (1) the May 27, 1994 order, reinstating its case because the trial court was without jurisdiction and violated TEX.R.CIV.P. 162; (2) the September 6, 1994 order, granting a motion for reconsideration because the trial court no longer had plenary power; and (3) the November 3, 1993 arbitration order.

* Justice Duggan, who retired on December 31, 1994, continues to sit by assignment for the disposition of this case, which was submitted prior to that date.

## Facts

In 1993, Quanto filed suit against several defendants,[1] asserting claims that arose out of two oil and gas ventures. In response to the lawsuit, the defendants filed motions to compel arbitration of Quanto's claims. On November 3, 1993, the trial court granted the defendants' motions and referred all claims to arbitration.

On May 2, 1994, Quanto filed a motion for nonsuit of its entire case. In response to the motion, the defendants filed motions to enforce the court's arbitration order. The defendants asserted that their demand for arbitration was affirmative relief that could not be dismissed by the nonsuit under TEX. R.CIV.P. 162. On May 16, 1994, the trial court signed a written order nonsuiting and dismissing Quanto's case without prejudice. On May 25, 1994, the trial court denied the defendants' motions to enforce the arbitration order.

On May 23, 1994, one of the defendants, Lawrence Glenn, filed a motion to reinstate the case and for sanctions under TEX.R.CIV.P. 13. On May 27, 1994, the trial court granted Glenn's motion to reinstate. On June 15, 1994, the defendants filed a motion for reconsideration of the trial court's May 25, 1994 order, which denied their motion to enforce the arbitration order. On September 6, 1994, the trial court granted the motion to reconsider the motion to enforce the arbitration order and modified the arbitration order.

## Reinstatement Order

Quanto asks this Court to grant mandamus relief and order the trial court to vacate its May 27, 1994 reinstatement order because the trial court did not have jurisdiction to reinstate the case after Quanto filed its nonsuit.

## Mandamus relief

A plaintiff has an absolute and unqualified right to take a nonsuit, as long as the defendant has not made a claim for affir-

1. The defendants and real parties in interest are Petrosakh U.S.A., Inc., Mark McKinley, Steven Wolf, Mike Kerr, Russell Gordy, James Sledge, and Lawrence Glenn.

mative relief.[2] *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex.1990). In the absence of a claim by a defendant for affirmative relief, a trial court's refusal to grant the nonsuit violates a ministerial duty and should be corrected by mandamus. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex.1991); *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982).

■ Likewise, a trial court's reinstatement of a plaintiff's case after a nonsuit may be reviewed by mandamus. *Johnson v. Harless*, 651 S.W.2d 259, 260 (Tex.1983). In *Harless*, the supreme court granted mandamus relief to a plaintiff, like Quanto, whose case was reinstated on a defendant's motion after the plaintiff had been granted his nonsuit. *Id.*[3]

**Plenary power after nonsuit**

■ Quanto argues that the moment it filed its nonsuit, the trial court was divested of jurisdiction and could not reinstate the case with its May 27, 1994 order. We disagree. A court retains plenary power to reinstate a cause after a nonsuit. *Harris County Appraisal Dist. v. Wittig*, 881 S.W.2d 193, 194 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding); *Hjalmarson v. Langley*, 840 S.W.2d 153, 156 (Tex.App.—Waco 1992, orig. proceeding); *Whitaker*, 815 S.W.2d at 350 n. 2; *McClendon v. State Farm Mut. Auto. Ins. Co.*, 796 S.W.2d 229, 233 (Tex. App.—El Paso 1990, writ denied); *see* TEX. R.CIV.P. 329b(d).

■ Here, the trial court signed the order of nonsuit and dismissal on May 16, 1994. This date of the written order triggers the appellate deadline and the court's plenary power. *Harris County Appraisal Dist.*, 881

S.W.2d at 194. The trial court signed the reinstatement order on May 27, 1994, which was during its plenary power. *Id.;* TEX. R.CIV.P. 329b(d).

Quanto contends, however, that the order reinstating "this cause" only reinstated the case as to defendant Glenn, and that the remaining defendants were not reinstated until the trial court granted their motion for reconsideration on September 6, 1994, which Quanto contends was after the trial court lost plenary power over those defendants.

Quanto asserts that, at the hearing on the defendants' motion for reconsideration, the trial court stated it initially ordered reinstatement for the limited purpose of hearing defendant Glenn's motion for sanctions but was now reinstating the case as to all the defendants. The defendants challenge this assertion and contend that the trial court's May 27, 1994 order reinstated the entire case. There is no statement of facts from the hearing, and Quanto's assertion is not in the record before us. However, the reinstatement order is in the record.

The reinstatement order reads:

Came on this day to be heard defendant Larry Glenn's Motion to Reinstate and Motion for Sanctions [u]nder TEX.R.CIV.P. 13. The Court, having heard the arguments of counsel and considered the motions, is of the opinion that the same are well taken. It is therefore,

ORDERED, ADJUDGED AND DECREED that this cause is reinstated in the 334th Judicial District Court of Harris County, Texas.

■ The same rules of interpretation apply in construing the meaning of a court

---

2. Rule 162 provides:
   At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes....
   Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief or excuse the payment of all costs taxed by the clerk. A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court....

3. The defendants cite *Missouri Pac. R.R. Co. v. Whitaker*, 815 S.W.2d 348, 349 (Tex.App.—Tyler 1991, orig. proceeding), in which the court of appeals denied mandamus relief to a defendant, finding that the defendant had an adequate remedy by appeal. The defendant sought mandamus relief to have the trial court vacate its order reinstating the plaintiff's case on the *plaintiff's* motion after the plaintiff took a nonsuit. *Id.* We find *Whitaker* distinguishable from this case because the plaintiff's right to take a nonsuit was not at issue.

order or judgment as in ascertaining the meaning of other written instruments. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404–05 (Tex.1971). If taken as a whole, the judgment or order is unambiguous, then the court must declare the effect of the order in light of the literal meaning of the language used. *Barnard v. Barnard,* 863 S.W.2d 770, 772 (Tex.App.—Fort Worth 1993, no writ).

Here, the body of the order purports to reinstate the entire case and the caption on the order lists all defendants. We find the order is unambiguous on its face. The May 27, 1994 order, which was signed by the trial court during its plenary power, reinstated the entire cause as to all defendants. Therefore, Quanto's argument that the trial court reinstated some defendants on September 6, 1994, after it lost plenary power, is without merit.

### Appropriateness of nonsuit

■■■ Quanto also argues that the May 27, 1994 reinstatement order should be vacated because the trial court violated rule 162 by reinstating its case on a defendant's motion to reinstate. We previously held that the reinstatement order reinstated the entire case. Quanto correctly asserts that a defendant cannot force a plaintiff to continue an action after it has voluntarily dismissed the suit prior to the defendant's filing a claim for affirmative relief. *George v. George,* 564 S.W.2d 172, 174 (Tex.Civ.App.—Tyler 1978, no writ). However, it is also true that a nonsuit cannot affect a defendant's request for affirmative relief that was pending before the nonsuit was filed. *See Orion Inv., Inc. v. Dunaway and Assoc.,* 760 S.W.2d 371, 374 (Tex.App.—Fort Worth 1988, writ denied).

The defendants contend the trial court did not abuse its discretion by reinstating the case because their request for arbitration is affirmative relief under rule 162 that could not be prejudiced by Quanto's right to take a nonsuit. If the defendants had a claim for affirmative relief pending at the time Quanto filed its motion for nonsuit, then the trial court did not abuse its discretion by reinstating the case. *See BHP Petroleum Co.,* 800 S.W.2d at 842.

We must now determine whether the defendants' request for arbitration, which re-

sulted in the trial court's November 1993 arbitration order, is "affirmative relief." If a request for arbitration is "affirmative relief," then the trial court did not abuse its discretion by reinstating the case.

■■■ "To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990). If a defendant does nothing more than resist a plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit. *BHP Petroleum Co.,* 800 S.W.2d at 841 (pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive a plaintiff of a nonsuit); *General Land Office,* 789 S.W.2d at 570 (seeking advisory opinion on constitutionality of statute does not constitute affirmative relief under rule 162).

■■■ We have not found any Texas cases, nor have the parties cited any, addressing the issue of whether a request for arbitration is a request for affirmative relief under rule 162. Quanto cites two federal court cases holding a motion to compel arbitration and stay proceedings does not preclude a plaintiff's ability to nonsuit under rule 41 of the Federal Rules of Civil Procedure. *Hamilton v. Shearson–Lehman Am. Express, Inc.,* 813 F.2d 1532, 1534 (9th Cir.1987); *Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 142–43 (7th Cir.1978). However, the requirements for nonsuit under rule 41 are significantly different from those under TEX. R.CIV.P. 162. Rule 41 provides in part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time *before service by the adverse party of an answer or of a motion for summary judgment,* whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action....

(Emphasis added.) Rule 41 does not contemplate the "affirmative relief" requirement essential to TEX.R.CIV.P. 162. Therefore, we

find these cases to be of limited value in our determination of this issue.

■ Whether a pleading is an affirmative claim for relief is determined by the facts alleged and not by the name given the plea or by the form of the prayer for relief. *Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 737–38 (Tex.App.—Houston [14th Dist.] 1992, writ denied). In *Baca*, the court of appeals determined that a motion for restitution, seeking the return of monies garnished in the absence of an underlying final judgment, was a claim for affirmative relief. *Id.* The court held the facts alleged in the motion, and not its name, determined whether the motion was a claim for affirmative relief. *Id.* Similarly, if the defendants asserted facts in their motions to compel arbitration showing a cause of action, then their motions are claims for affirmative relief. *See Progressive Ins. Co. v. Hartman*, 788 S.W.2d 424, 426 (Tex. App.—Dallas 1990, no writ).

In their motions to compel arbitration, the defendants invoke the Texas General Arbitration Act, TEX.REV.CIV.STAT.ANN. arts. 225 and 235 (Vernon 1973), and the arbitration clause agreed to by the parties in a joint venture agreement. The arbitration clause provides that the parties agree that "all questions as to rights and obligations arising under the terms of this Agreement are subject to arbitration ... and such arbitration shall be governed by the provisions of the Texas General Arbitration Act...."

The Texas General Arbitration Act authorizes a party to initiate a proceeding in the trial court to compel arbitration. Article 225 of the Act provides in part:

Sec. A. On application of a party showing an agreement described in Article 224 of this Act, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration....

Article 235 of the Act provides:

Sec. A. The jurisdiction of a court may be invoked by the filing with the clerk of that court of an application for the entry by the court of a judgment or decree or order provided for by the terms of this Act. Upon the filing of the initial application ... the clerk shall docket the proceedings as a civil action pending in that court.

. . . .

Sec. G. In advance of the institution of any arbitration proceeding, but in aid thereof, an application may be filed for order or orders to be entered by the court, including but not limited to applications: (i) invoking the jurisdiction of the court over the adverse party and for effecting same by service of process on him in advance of the institution of arbitration proceedings ... (iv) seeking the appointment of arbitrator or arbitrators so that proceedings before them under the arbitration agreement my proceed; or (v) seeking any other relief, which the court can grant in its discretion, needed to permit the orderly arbitration proceedings to be instituted and conducted and to prevent any improper interference or delay thereof.

The Act authorizes, as an independent cause of action, the invoking of a trial court's jurisdiction to compel arbitration. We find that the defendants' request to compel arbitration is a claim for relief independent of Quanto's causes of action, and therefore, is "affirmative relief" under rule 162. *See General Land Office*, 789 S.W.2d at 570.

Quanto's nonsuit could not prejudice or affect the defendants' right to be heard on their pending claim for affirmative relief. TEX.R.CIV.P. 162. Therefore, the defendants were entitled to have their claim for arbitration reinstated. The trial court did not abuse its discretion by reinstating the case.

## Arbitration Order

■ Quanto contends that the trial court abused its discretion by ordering all claims against all defendants to arbitration.

■ Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Assoc. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Id.* One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Id.* (quoting *Callahan v. Giles*, 137 Tex. 571, 155 S.W.2d 793, 795 (1941)).

Here, the trial court signed the order compelling the parties to arbitration on November 3, 1993. Acting in compliance with the trial court's arbitration order, Quanto designated an arbitrator on January 14, 1994. Quanto waited over 10 months after the trial court ordered arbitration before challenging the order by mandamus. The record reveals no justification for this delay. *Rivera*, 858 S.W.2d at 367 (leave to file denied where relator delayed for over four months without explanation before asserting its rights in the trial court and by mandamus).

### Conclusion

We deny the petition for writ of mandamus.

HUTSON–DUNN, J., dissents.

O'CONNOR, J., requested a vote to determine if the case should be heard en banc, pursuant to Tex.R.App.P. 79(d), (e) and Tex. R.App.P. 90(e).

COHEN, MIRABAL, WILSON, ANDELL and DUGGAN, JJ., voted against en banc consideration.

TAFT, J., did not participate.

OLIVER–PARROTT, C.J., and HUTSON–DUNN, O'CONNOR and HEDGES, JJ., voted in favor of en banc consideration.

O'CONNOR, J., joined in HUTSON–DUNN's, J., dissent.

HUTSON–DUNN, Justice, dissenting.

I respectfully dissent. I do not agree with the majority's holding that the defendants' motion for arbitration stated a claim for affirmative relief sufficient to preclude Quanto's absolute right to take a nonsuit of its claims.

To state a claim for affirmative relief, a defensive pleading must assert a cause of action, independent of the claims already asserted by the plaintiff, on which the defendant could recover benefits, compensation, or relief, even if the plaintiff abandons its cause of action. *General land Office v. OXY U.S.A. Inc.*, 789 S.W.2d 569, 570 (Tex.1990). Here, the defendants had to have asserted facts in their motion to compel arbitration showing an affirmative claim not already pled by Quanto. *Baca v. Hoover, Bax & Shearer*, 823 S.W.2d 734, 737–38 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *see also Progressive Ins. Co. v. Hartman*, 788 S.W.2d 424, 426 (Tex.App.—Dallas 1990, no writ).

In their motion to compel arbitration, the defendants state that Quanto's claims arise under the joint venture agreement, which provides for arbitration; therefore, they are entitled to have Quanto's claims resolved through arbitration. This assertion alone, in my opinion, is insufficient to state a claim for affirmative relief.

Once Quanto abandoned its claims by filing a nonsuit, no other claims were on file to be resolved by arbitration. The defendants had to assert facts showing a claim not already pled by Quanto to preclude the nonsuit. In this case, arbitration was merely the vehicle for resolving Quanto's claims.

Therefore, I would grant the petition for writ of mandamus and direct the trial court to vacate the May 27, 1994, reinstatement order.