NO.
12-06-00220-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN THE INTEREST OF       §                      APPEAL FROM THE 307TH

 

S.D.J. AND C.M.J.,   §                      JUDICIAL DISTRICT COURT OF

 

MINOR CHILDREN            §                      GREGG
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
John M. Jeffers appeals the trial court’s order awarding attorney’s fees to
Appellee Elizabeth Ann Schieck’s attorney and to the amicus attorney.  In his sole issue, Jeffers argues that the
trial court abused its discretion by awarding these fees after he filed a
nonsuit.  We affirm.

 

Background

            Jeffers
and Schieck are the parents of S.D.J. and C.M.J. and were divorced on December
5, 2002.  The final decree of divorce
ordered that Jeffers pay monthly child support to Schieck.  On February 9, 2004, Jeffers filed a petition
to modify the parent-child relationship requesting modification of possession,
access, and child support.  Schieck filed
a special appearance, plea to the jurisdiction, and original answer.  On May 4, 2004, the trial court noted that
Schieck withdrew her objection to the trial court’s jurisdiction and her
special appearance.  On May 7, 2004, the
trial court appointed an amicus attorney and ordered that Jeffers and Schieck
each pay attorney’s fees to the amicus attorney.  On February 1, 2005, Schieck filed an
original answer and again requested attorney’s fees, but did not pay the filing
fee for a counterclaim.[1]








            On
October 7, 2005, Schieck filed a motion for enforcement of the child support
order and an order to appear.  She stated
that Jeffers had violated the final decree of divorce by failing to pay her the
full amount of child support since August 2005. 
She requested that Jeffers be held in contempt, fined, and confined in
county jail until he complied with the trial court’s order.  Further, Schieck requested attorney’s fees,
expenses, and costs.  Jeffers filed an
answer to Schieck’s motion.  On November
14, 2005, Schieck filed a motion for withdrawal and substitution of attorneys. 

            According
to both parties and the trial court, Jeffers filed a notice of nonsuit on
November 29, 2005.[2] 
Further, according to both parties, there was a hearing on Schieck’s
motion for enforcement of the child support order, but no order was
entered.  On February 9, 2006, the trial
court held a hearing on attorney’s fees and, afterwards, stated that an order
regarding the contempt matter had not been entered and that there were
outstanding matters, including the payment of attorney’s fees.  On March 24, 2006, the trial court ordered
that Jeffers pay Schieck’s attorney’s fees in the amount of $12,022.29,
one-half of the amicus attorney’s fees incurred from April 2004 through August
2004, and all of the amicus attorney’s fees, expenses, and costs incurred from
September 2004 through the date of the order.

            In
its original and amended findings of fact and conclusions of law, the trial
court found that Schieck’s motion for enforcement of child support order
requested attorney’s fees, that no order was ever entered on Schieck’s motion,
and that this action remained pending notwithstanding Jeffers’s notice of
nonsuit.  The trial court also found
that, after filing her motion for enforcement of the child support order,
Schieck incurred attorney’s fees in the amount of $12,022.29 for the benefit of
her newly employed attorney whose representation occurred entirely after
October 7, 2005.  This appeal followed.

 

Attorney’s
Fees








            In
his sole issue on appeal, Jeffers argues that the trial court abused its
discretion in awarding attorney’s fees to Schiek’s counsel and to the amicus
attorney after Jeffers filed a nonsuit. 
More specifically, Jeffers contends that, although Schieck requested
attorney’s fees in her answer to his motion to modify, she failed to pay a
mandatory filing fee for a counterclaim. 
Because no filing fee was paid, Jeffers argues that Schieck did not
allege a claim for affirmative relief that survived the nonsuit.

Applicable Law

            The
award of attorney’s fees in a suit affecting the parent-child relationship is
within the trial court’s discretion.  In
re A.C.J., 146 S.W.3d 323, 327 (Tex. App.–Beaumont 2004, no pet.).  We will not reverse a trial court’s judgment
on attorney’s fees in a suit affecting the parent-child relationship absent a
clear showing of abuse of discretion.  Id.


            Rule
162 of the Texas Rules of Civil Procedure states that any nonsuit pursuant to
this rule shall not prejudice the right of an adverse party to be heard on a
pending claim for affirmative relief or excuse the payment of all costs taxed
by the clerk.  Tex. R. Civ. P. 162.  A
claim for affirmative relief must allege a cause of action, independent of the
plaintiff’s claim, on which the claimant could recover compensation or relief,
even if the plaintiff abandons or is unable to establish his cause of
action.  Univ. of Tex. Med. Branch
v. Est. of Blackmon, 195 S.W.3d 98, 101 (Tex. 2006).  A defendant does not seek affirmative relief
by claims that merely resist the plaintiff’s right to recover. Le v.
Kilpatrick, 112 S.W.3d 631, 634 (Tex. App.–Tyler 2003, no pet.).  A nonsuit cannot affect a defendant’s request
for affirmative relief that was pending before the nonsuit was filed. Quanto
Internat’l Co. v. Lloyd, 897 S.W.2d 482, 486 (Tex. App.–Houston [1st
Dist.] 1995, no writ).  An affirmative
claim, stated in an answer, for recovery of attorney’s fees for preparation and
prosecution of a defense constitutes a counterclaim if the filing fee for a
counterclaim is paid.  In re C.A.S.,
128 S.W.3d 681, 686 (Tex. App.–Dallas 2003, no pet.).

Analysis








            Jeffers
argues that Schieck failed to allege a claim for affirmative relief because she
did not pay the mandatory filing fee for a counterclaim when she requested
attorney’s fees in her answer. However, before Jeffers filed his notice of
nonsuit, Schieck filed a motion for enforcement of child support.  Schieck’s motion alleged a cause of action
and requested relief from Jeffers’s failure to pay child support.  Regardless of whether Jeffers abandoned or
failed to establish his petition to modify, Schieck could pursue her claim for
enforcement of  child support ordered in
the final decree of divorce.  See Univ.
of Tex. Med. Branch, 195 S.W.3d at 101. 
As such, Jeffers’s nonsuit could not affect Schieck’s request for
affirmative relief pending before the nonsuit was filed.  See Quanto Internat’l Co., 897
S.W.2d at 486.  The trial court ordered
that attorney’s fees be paid to the attorney who represented Schieck after
filing the motion for enforcement. 
Because the motion for enforcement constituted a claim for affirmative
relief and was pending when Jeffers filed his notice of nonsuit, the trial
court did not abuse its discretion by awarding attorney’s fees to Schieck’s
attorney. 

            Although
Jeffers argued that the trial court abused its discretion by awarding attorney’s
fees to the amicus attorney, his brief did not contain a clear and concise
argument for the contention made with appropriate citations to the authorities
and to the record.  See Tex. R. App. P. 38.1(h).  In fact, his brief did not contain any
argument regarding the attorney’s fees awarded to the amicus attorney.
Therefore, he has waived this portion of his issue. Accordingly, we overrule
Jeffers’s sole issue.

 

Disposition

            The
judgment of the trial court is affirmed.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered June 29, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)











[1]
The record does not show whether Schieck paid the mandatory filing fee.  However, Schieck does not dispute Jeffers’s
contention that she failed to do so.





[2] The clerk’s record does not include Jeffers’s
notice of nonsuit.