COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-075-CV

 

 

IN RE COLBY GLENN
RIGGS                                                                RELATOR

 



                                                       ------------

                                           ORIGINAL
PROCEEDING

                                                       ------------

                                                      OPINION

                                                       ------------








Relator
Colby Glenn Riggs filed a petition for writ of mandamus asking this court to
order the Respondent, Steve M. King, Judge of Probate Court No. 1 of Tarrant
County to dismiss, upon his notice of nonsuit, Relator=s
claims against two of the Real Parties in Interest, Edward D. Jones & Co.,
L.P. and financial advisor William B. Atkins, III, which the trial court has
ordered to arbitration.  Relator also requested that this court lift the stay of his
remaining claims against Real Parties in Interest Dennis Lee Bailey (AD.
Bailey@)CIndividually
and as Independent Executor of the Estate of Dorothy Alice Riggs, Deceased, and
as Co-Trustee of the DAR Revocable Trust, and Pamela Bailey (AP.
Bailey@)CIndividually,
and as Co-Trustee of the DAR Revocable Trust (collectively the ABaileys@).  For the reasons that follow, we conditionally
grant relief.

On
April 21, 2008, Relator filed his original petition
in the trial court seeking damages against the Real Parties in Interest
primarily arising from the Real Parties=
alleged mismanagement and/or misuse of funds of which Relator
is a beneficiary.  After answering Relator=s
petition, on July 29, 2008, Edward D. Jones and Atkins filed a motion to compel
arbitration and a motion to stay proceedings as to the Baileys during the
pendency of the arbitration.  Relator filed a response to the motion to compel
arbitration on January 16, 2009.  On
February 29, 2009, the trial court signed an order compelling arbitration as to
the claims against Edward D. Jones and Atkins and staying the underlying
proceedings against the Baileys.

On
July 31, 2009, Relator filed a notice of nonsuit, a motion to dismiss without prejudice as to Edward
D. Jones and Atkins, and a motion to lift the stay of his claims against the
Baileys.  The trial court denied Relator=s
motions and he filed this original proceeding.

Relator
contends that the trial court abused its discretion by denying his motion to
dismiss and motion to lift the stay.  The
trial court=s
order does not contain its reasons for denying Relator=s
motions.













Under
Texas law, a plaintiff has an absolute right to take a nonsuit
if the defendant has not made a claim for affirmative relief.  Tex. R. Civ. P. 162[1];
see also Travelers Ins. Co. v. Joachim, No. 08-0941, 2010 WL 1933022, at
*1, *2 (Tex. May 14, 2010); Villafani v.
Trejo, 251 S.W.3d 466, 468B69
(Tex. 2008); BHP Petroleum Co. v. Millard,
800 S.W.2d 838, 840B41
(Tex. 1990); Greenberg v. Brookshire, 640 S.W.2d
870, 871 (Tex. 1982); Moseley v. Behringer,
184 S.W.3d 829, 833B34
(Tex. App.CFort
Worth 2006, no pet). To assert a claim for affirmative relief, a defendant must
assert a cause of action, independent of the plaintiff=s
claim, on which he could recover benefits, compensation, or relief.  See Gen. Land
Office of State of Tex. v. OXY, U.S.A., Inc., 789 S.W.2d
569, 570 (Tex. 1990).  A request
for arbitration of claimsClike that made by Edward D.
Jones and Atkins hereCis not a cause of action
independent of the plaintiff=s
claim, nor one in which the defendant could recover benefits if the plaintiff
abandons his or her cause of action; thus, it is not a claim for affirmative
relief. See id.[2]  If a defendant does nothing more than resist
a plaintiff=s
right to recover, the plaintiff has an absolute right to the nonsuit.  Id.;
Newman Oil Co. v. Alkek, 614 S.W.2d 653, 655 (Tex. App.CCorpus
Christi 1981, writ ref=d n.r.e.).

If a
defendant has no pending claim for affirmative relief, a trial court=s
refusal to grant a nonsuit violates a ministerial
duty.  Hooks v.
Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex.
1991).  A nonsuit
extinguishes a case or controversy from the moment the motion is filed or when
an oral motion is made in open court.  See
FKM P=ship,
Ltd. v. Bd. of Regents of Univ. of Houston Sys.,
255 S.W.3d 619, 632B33
(Tex. 2008); Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex
rel. Shultz, 195 S.W.3d 98, 100 (Tex. 2006); Shadowbrook Apartments v. Abu‑Ahmad,
783 S.W.2d 210, 211 (Tex. 1990); see also
Greenberg, 640 S.W.2d at 872.








We
hold that the trial court abused its discretion by denying Relator=s motion
to dismiss without prejudice the claims against Edward D. Jones and Atkins and Relator=s
motion to lift the stay of the Bailey claims. 
Under the facts of this case, Relator has no
adequate remedy at law.  See In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135B38
(Tex. 2004) (orig. proceeding). 
Accordingly, we conditionally grant Relator=s
petition for writ of mandamus. See Tex. R. App. P. 52.8(c).  We are confident that the trial court will
vacate its January 26, 2010 order and render an order granting (1) Relator=s
motion to dismiss without prejudice his claims against Edward D. Jones &
Co., L.P. and William B. Atkins, III and (2) Relator=s
motion to lift the stay now in effect against Real Parties in Interest, the
Baileys, in accordance with this opinion.  We instruct our clerk to
issue the writ only if the trial court fails to do so.

 

TERRIE LIVINGSTON

CHIEF
JUSTICE

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and MCCOY, JJ.

DELIVERED:  May 19, 2010











[1]Such a dismissal
shall not prejudice an adverse party=s right to recover on a claim for affirmative
relief or a motion for sanctions, attorney=s fees, or costs.  Id.





[2]In their response to Relator=s motion, Edward D.
Jones and Atkins rely on opinions from two of our sister courts which hold that
a claim for arbitration survives the filing of a nonsuit
because a claim for arbitration is a claim for relief independent of the
plaintiff=s causes of
action.  See Quanto
Int=l Co. v. Lloyd, 897 S.W.2d 482, 487 (Tex. App.CHouston [1st Dist.]
1995, orig. proceeding); see also Joe Williamson Constr. Co. v. Ramondville ISD, 251 S.W.3d 800, 805B06 (Tex. App.CCorpus Christi 2008,
no pet.) (citing Quanto,
897 S.W.2d at 487.). 
We respectfully disagree with the reasoning expressed by our sister
courts in Quanto and Joe Williamson.  See Gen. Land Office, 789 S.W.2d at 570 (holding that to qualify as a claim for
affirmative relief, a defensive pleading must allege that the defendant has a
cause of action, independent of the plaintiff=s claim, on which he
could recover benefits, compensation or relief, even though the plaintiff may
abandon his cause of action or fail to establish it); Moseley, 184 S.W.2d at 833B34; Gillman v. Davidson, 934 S.W.2d 803, 804B05 (Tex. App.CHouston [1st Dist.]
1996, orig. proceeding) (Hedges, J., dissenting); Quanto,
897 S.W.2d at 488 (Hutson-Dunn,
J., dissenting).  Neither Quanto nor Joe Williamson were
reviewed by our higher court and, thus, they are persuasive but not binding on
the other intermediate appellate courts of our state.  See Aguilar v. Anderson, 855 S.W.2d 799, 810B11 (Tex. App.CEl Paso 1993, writ
denied).