Opinion issued January 26, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00239-CV

———————————

Ebrahim Khaleghi, Appellant

V.

Adebayo and
Grace Oyekan,
Appellee



 



 

On Appeal from the County Civil Court at Law Number 2

Harris County, Texas



Trial Court Case No. 981987

 



 

MEMORANDUM OPINION

Appellant, Ebrahim Khaleghi, brings this
appeal from a voluntary nonsuit.  We
dismiss for lack of jurisdiction.

BACKGROUND

Khaleghi sued
appellees Adebayo and Grace Oyekan in small claims court, alleging that the
Oyekans’ failure to timely repair a water leak in their condominium unit caused
water to penetrate and damage Khaleghi’s condominium unit on a lower floor.  Khaleghi secured a judgment for $8,150, and
the Oyekans filed a civil appeal bond to perfect an appeal to the county court at
law. 

Khaleghi requested a trial setting
from the County Court, and was given a trial date of March 1, 2011.[1]  There is no reporter’s record from that
proceeding.  The trial court signed an
order entitled “Nonsuit,” stating: 

On
Mar[ch] 01, 2011, the Court
called the above-styled and numbered case, Plaintiff announced to the Court the
desire to non-suit this Cause.  The
Court, after considering the pleadings, evidence and arguments of the parties,
is of the opinion that the non-suit should be, in all things GRANTED.  It is is therefore

ORDERED, ADJUDGED, and
DECREED that the above-styled and numbered cause be, and same is hereby non-suited.

At the bottom of the order, there is a “Plaintiff’s
signature” line containing Khaleghi’s signature.

DISCUSSION

Khaleghi’s brief states that he “is
seeking to appeal the nonsuit decision due to the county civil court’s error in
not considering evidence of lost rental income in its decision.”  From the record before this Court, however,
it appears that Khaleghi voluntarily nonsuited his
case.

“A plaintiff has an absolute and
unqualified right to take a nonsuit, as long as the defendant has not made a
claim for affirmative relief.”  Quanto Int’l Co. v. Lloyd, 897 S.W.2d 482, 484–85 (Tex. App.—Houston [1st Dist.] 1995, orig.
proceeding); see also Tex. R. Civ. P. 162.  A trial court has no discretion to deny a
plaintiff’s motion for nonsuit when, as here, the defendant has not made any
claim for affirmative relief.  Quanto Int’l Co., 897 S.W.2d
at 485.  

A nonsuit “renders the merits of
the nonsuited case moot.”  See Travelers Ins. Co. v.
Joachim, 315 S.W.3d 860, 862 (Tex. 2010).  “Appellate courts are prohibited from deciding
moot controversies.” Nat’l Collegiate
Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex.
1999).  Mootness deprives this Court of
jurisdiction.  Vally Baptist Med. Ctr. v.
Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000).  

CONCLUSION

We dismiss this appeal for lack of
jurisdiction.  Tex. R. App. P.
42.3(a), 43.2(f).

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

 











[1]
          Trial on appeal to the county
court or the county court at law is de novo. 
Tex. Gov’t Code
Ann. §28.053(b) (West Supp. 2011).