**Opinion issued March 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-00321-CV

_____

**JEFFREY O. OLLEY, Appellant**

**V.**

**RAAMCO TX. PROPERTIES, Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 926925**

---

## MEMORANDUM OPINION

Appellant, Jeffrey O. Olley, appealed from the trial court's judgment signed April 5, 2011.  Because the trial court subsequently granted the motion for nonsuit filed by appellee, Raamco Tx. Properties, we dismiss the appeal for lack of jurisdiction.

"[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty*., 369 S.W.3d 137, 166–67 (Tex. 2012). With exceptions not applicable to the instant proceeding, "a court cannot decide a case that has become moot during the pendency of the litigation." *Id*. at 162. A case is moot if there ceases to be "a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id*. If a proceeding becomes moot, the court must dismiss the proceeding for want of jurisdiction. *Id*.

On January 22, 2013, the district clerk filed a supplemental record, reflecting that the trial court granted appellant's motion for new trial and then granted appellee's motion for non-suit. "A plaintiff has an absolute and unqualified right to take a nonsuit, as long as the defendant has not made a claim for affirmative relief." *Quanto Int'l Co. v. Lloyd*, 897 S.W.2d 482, 484–85 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding); *see also* TEX. R. CIV. P. 162. A trial court has no discretion to deny a plaintiff's motion for nonsuit when, as here, the defendant has not made a claim for affirmative relief. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A nonsuit "renders the merits of the nonsuited case moot." *Id.* Mootness deprives the court of jurisdiction. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000).

On January 28, 2013, we notified appellant that there did not appear to be a justiciable controversy remaining between the parties that would be resolved by the appeal. *See State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245–46 (Tex. 1994) (stating that, "for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought"). We notified appellant that the appeal was subject to dismissal for want of jurisdiction unless he filed a response within 10 days showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant did not respond.

Accordingly, we dismiss the appeal for lack of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.