ACCEPTED
01-15-00712-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/20/2015 2:26:43 PM
CHRISTOPHER PRINE
CLERK

# NO. 01-15-00712-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/20/2015 2:26:43 PM

CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIRST JUDICIAL DISTRICT OF TEXAS

## IN RE IN RE DIOGU KALU DIOGU II, LL.M.
### *RELATOR*

## ORIGINAL PROCEEDING FROM CASE NUMBER 13-DCV-204732 IN THE 387TH DISTRICT COURT FORT BEND OUNTY TEXAS

## PETITION FOR WRIT OF MANDAMUS

**DIOGU KALU DIOGU II, LL.M.**
**TEXAS BAR NO. 24000340**
**P. O. BOX 994**
**FULSHEAR, TEXAS 77441**
**(713) 791 3225**
**(832) 408-7611 (FAX)**
*ATTORNEY FOR DIOGU*

## ORAL ARGUMENT REQUESTED

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 52.3(a), the following is a complete list of all parties, and the names and addresses of all counsel:

Relator:

Diogu Kalu Diogu II, LL.M.

## COUNSEL FOR RELATOR

Diogu Kalu Diogu II, LL.M.
Texas Bar No. 24000340
P. O. Box 994
Fulshear, Texas 77441
Phone: (713) 791 3225
(832) 408-7611 (fax)

## REAL PARTY IN INTEREST

Ms. Yaowapa Ratana-Aporn

## ATTORNEY FOR FORMER REAL PARTY IN INTEREST

**Mario Martinez**
Law Offices of Mario A Martinez PLLC
23123 Cinco Ranch Blvd #208
Katy TX 77494

## RESPONDENT

The Honorable Brenda Mullinix, Judge
Judge of the 387th Judicial District Court
Fort Bend County Justice Center, Courtroom 3H,
1422 Eugene Heimann Circle,
Richmond, TX 77469
Telephone: 281-238-3290
Fax: 281-238-3289

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel ...................................................................................... 2

Statement of the Case ................................................................................................. 3

Statement of Jurisdiction .............................................................................................. 6

Statement Regarding Oral Argument………………………………………………………………….7

Statement of the Facts…………………………………………………………………………………………9

Summary of the Argument………………………………………………………………………………….10

Argument ... ................................................................................................................ 11

     A. The trial court clearly abused its discretion by conducting a Show Cause hearing on May 20th, 2015 and issuing an Order on June 25th, 2015 following the May 2015 hearing modifying the July 10th, 2014 Discovery Sanction Order an Order over which the trial court lost plenary power more than nine months ago………………………………………………………………………………………………………………..11

          I.     Mandamus Standard ...................................................................... 11

          II.    A trial court's "inherent authority" cannot confer jurisdiction where none exists …………………………………………………………………………12

Prayer ....................................................................................................................... 13

Certificate of Counsel ................................................................................................. 21

Certificate of Service………………………………………………………………………………………….13

## TABLE OF AUTHORITIES

**CASES**                                                                                          **PAGES**

*Custom Corporates, Inc. v. Sec. Storage, Inc.,* 207 S.W.3d 835, 838 (Tex. App.- Houston [14th Dist.] 2006, no pet.)(*Citing In re Sw. Bell Tel.Co.,* 35 S.W.3d 602, 605 (Tex.2000)).11

*Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979)…………………………………12, 13

*Hjalmarson* v. *Langley,* 840 S.W.2d 153, 154-55 (Tex. App.-Waco 1992, orig. proceeding), *adopted in relevant part and overruled in part on other grounds, Scott & White Mem. Hasp.* v. *Schexnider,* 940 S.W.2d 594, 596 (Tex. 1996) (per curiam)………………………………11

*In re Sw. Bell Tel. Co., 35* S.W.3d 602,605 (Tex. 2000)…………………………………………..4

*In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding)...4

*In Re Toyota Motor Corporation*, No. 10-11-00050-CV (Tex. App. Nov. 16, 2011)…………13

*In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 210–11 (Tex.2004) (*citing Walker,* 827 S.W.2d at 839)……………………………………………………………………………………………12

*In re N. Am. Refractories Co.*, 71 S.W.3d 391, 394 (Tex. App.—Beaumont 2001, orig. proceeding)………………………………………………………………………..…….14

*K-Mart Corp.* v. *Sanderson, 937* S.W.2d 429, 431 (Tex. 1997)……………………………………..6

*Lane Bank Equipment Co. v. Smith Southern Equipment,* 10 S.W.3d 308, 311 (Tex.2000) (*citing Hjalmarson v. Langley,* 840 S.W.2d 153, 55 (Tex. App.-Waco 1992, orig. proceeding))………………………………………………………………………………………13

*Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596 & n. 2 (Tex.1996)……….13

*Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding)…………………11

## STATUTES AND RULES

Texas Government Code § 22.221 (b)………………………………………………………..6

**STATEMENT OF THE CASE**

| | |
|---|---|
| Nature of the Case. | The underlying proceeding involves the trial court's May 20th, 2015 contempt hearing and a June 25th, 2015 Order modifying a nearly one year old discovery Sanction Order to add a contempt language solely in Order to Hold Diogu in Contempt for a violations of a discovery order entered on July 10th, 2014, about nine (9) months after she lost plenary power in the case |
| Respondent/District Court. | The Honorable Brenda Mullinix, Judge of the 387th District Court, Fort Bend County, Texas |
| Order which relator seeks relief | The trial court issued an order under Cause Number 13-DCV-204732 on April 21st, 2015 against Diogu to show Cause on the Court's July 10th, 2014 Order; conducted a show Cause hearing on May 20th, 2015 and modifies the July 10th, 2014 Discovery Order on June 25th, 2015 to add Contempt language for the sole purpose of holding Diogu in Contempt about nine months after she lost plenary powers |

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue the requested writ of mandamus under Texas Government Code § 22.221 (b) because the decision below represent a clear abuse of discretion for which there is no adequate appellate remedy. *K-Mart Corp.* v. *Sanderson, 937* S.W.2d 429, 431 (Tex. 1997).

**STATEMENT REGARDING ORAL ARGUMENT.**

This case presents important questions regarding a trial court's plenary power,

and inherent authority, Relators respectfully suggest that oral argument would be

helpful in resolving that issue.

**ISSUES PRESENTED**

1. Did the trial court clearly abuse its discretion in conducting a Show Cause hearing on May 20th, 2015 and issuing an Order on June 25th, 2015 following the May 20th 2015 hearing modifying the July 10th, 2014 Discovery Sanction Order by adding a contempt language in page 2 Paragraph 4, beginning with *"Diogu Kalu Diogu II must … and ending in the last page with Diogu Kalu Diogu II"* to an Order over which the trial court lost plenary power more than about nine months ago.

## STATEMENT OF THE FACTS

On or about May 12th, 2014, the Court entered a Final Judgment on Yaowapa Ratana Aporn's Counter Claim against Diogu Kalu Diogu II ("DIOGU") and the Court lost Jurisdiction over the case on August 11th, 2014.

On or about May 30th, 2014, Diogu filed Request for Finding of Facts and Conclusion of Law with Notice of Hearing and the Court denied the request on the same day it was filed. See attached Exhibit "A"

On or about June 06th, 2014, even though he knew that the request for the finding of facts and conclusion of law filed by Diogu was denied by the court on the same date that it was filed, Mr. Martinez filed what he titled Counter Plaintiff's Motion for Sanctions and Request for Show Cause Hearing against Diogu K Diogu II. See attached Exhibit "B"

On or about June 11th, 2014 Diogu filed his motion of new trial. On or about Diogu filed a scheduled vacation notice pursuant to the Fort Bend County Local Rules. See attached Exhibit "C"

Nonetheless Mr. Martinez set a hearing on his motion to show cause for July 01st, 2014 knowing that Diogu was out of the Country with a vacation letter on file. See attached Exhibit "D" Diogu also filed a motion for Continuance. See attached Exhibit "E"

9

The Court disregarded both Diogu's vacation letter and motion for continuance conducted a hearing on a so called "Judgment for sanction against Diogu on July 01st, 2014[1]. See attached Exhibit "F"

On July 10th, 2014, the signed and entered what she termed Judgment on Yaowapa Ratana Aporn's Motion for Sanction and Show Cause Hearing against Diogu Kalu Diogu II See attached id. On or about August 11th, 2014 Diogu filed his notice of Appeal. See attached Exhibit H"

But on or about April 21st, 2015, about (9) months after the Court had lost plenary powers over the case and the pre judgment discovery Sanction the Counter Plaintiff's filed a Motion for Contempt and Request for Show Cause Hearing against Diogu K. Diogu II See attached Exhibit I"

On or about May 20th, 2015 the Court conducted a show cause hearing and modified the July 10th, 2014 the Sanction Order to include some contempt language. See Attached Exhibit "J" which the Court termed "clarified" Order acknowledging that she lack the authority to modify the Discovery Order. Because of the modification this writ of mandamus ensues.

## SUMMARY OF THE ARGUMENT

The trial court's Show Cause Order of April 21st, 2015 and the modified Discovery Sanction order of June 25th, 2015 are void. First, under well-settled law, the trial court lost plenary power over the underlying case on August 11th, 2014. Texas Courts Appeal and the Texas Supreme Court have made it clear that a sanctions order entered after

---

[1] This was essentially a pre-judgement discovery sanction

plenary jurisdiction has expired is void. *Hjalmarson* v. *Langley,* 840 S.W.2d 153, 154-55 (Tex. App.-Waco 1992, orig. proceeding), *adopted in relevant part and overruled in part on other grounds, Scott* & *White Mem. Hasp.* v. *Schexnider,* 940 S.W.2d 594, 596 (Tex. 1996) (per curiam). It necessarily follows that an order issued in *furtherance* of a possible future order regarding sanctions is void as well as the resulting Sanction Order. Such an order is not only an abuse of discretion, but is also presumed to lack an adequate remedy by appeal. *In re Sw. Bell Tel. Co., 35* S.W.3d 602,605 (Tex. 2000).

## ARGUMENT

**A. DID THE TRIAL COURT CLEARLY ABUSE ITS DISCRETION BY CONDUCTING A SHOW CAUSE HEARING ON MAY 20TH, 2015 AND ISSUING AN ORDER ON JUNE 25TH, 2015 FOLLOWING THE MAY 20TH 2015 HEARING MODIFYING THE JULY 10TH, 2014 DISCOVERY SANCTION ORDER BY ADDING A CONTEMPT LANGUAGE IN *PAGE 2 PARAGRAPH 4*, BEGINNING WITH *"DIOGU KALU DIOGU II MUST … AND ENDING IN THE LAST PAGE WITH DIOGU KALU DIOGU II"* TO AN ORDER OVER WHICH THE TRIAL COURT LOST PLENARY POWER MORE THAN NINE MONTHS AGO.MANDAMUS STANDARD**

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840.Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.* The issuance of a void order is an abuse of discretion. *Custom Corporates, Inc. v. Sec. Storage, Inc.,* 207 S.W.3d

11

835, 838 (Tex. App.- Houston [14th Dist.] 2006, no pet.)(*Citing In re Sw. Bell Tel.Co.,* 35 S.W.3d 602, 605 (Tex.2000)). Mandamus is proper when the trial court issues an order that is void because it is issued after the trial court's plenary power has expired. *In re Sw. Bell Tel. Co.,* 35 S.W.3d at 605.

Absent extraordinary circumstances, mandamus ordinarily will not issue unless relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 210–11 (Tex.2004) (*citing Walker,* 827 S.W.2d at 839). However, cases involving void orders present a circumstance warranting mandamus relief. *Id .* When an order is adjudged to be void, a relator need not additionally show the lack of an adequate remedy by appeal. *In re Sw. Bell Tel. Co.,* 35 S.W.3d at 605.

## B. A TRIAL COURT'S "INHERENT AUTHORITY" CANNOT CONFER JURISDICTION WHERE NONE EXISTS

In addition to the express grants of judicial power to each court, trial courts possess certain "inherent powers" which are "woven into the fabric of the constitution. *"See Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979)."The inherent judicial power of a court is not derived from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged by the constitution with certain duties and responsibility. *Id.* The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *See Eichelberger,* 582 S.W.2d at 398. The power exists to enable our courts to effectively perform their judicial

functions and to protect their dignity, independence, and integrity. *Eichelberger,* 582

S.W.2d at 398–99.

However, inherent power is not a substitute for plenary jurisdiction. *See Lane Bank*

*Equipment Co. v. Smith Southern Equipment,* 10 S.W.3d 308, 311 (Tex.2000) (*citing*

*Hjalmarson v. Langley,* 840 S.W.2d 153, 55 (Tex.App.-Waco 1992, orig. proceeding)); *see*

*also Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596 & n. 2 (Tex.1996)

(stating that a court cannot issue an order of sanctions after its plenary power has

expired). Nor does a trial court's inherent judicial power confer jurisdiction where none

pre-exists by statutory or constitutional grant. *See Hjalmarson,* 840 S.W.2d at 155.

Regardless of Diogu's failure, if any, to comply with a discovery order, the trial court

does not have jurisdiction to pursue a contempt hearing or modify the July 10th, 2014

Order to include a contempt language of the possible violation of a discovery order long

after its plenary power has otherwise expired. See also, *In Re Toyota Motor Corporation*,

No. 10-11-00050-CV (Tex. App. Nov. 16, 2011). (Holding that the trial court's order

appointing a "special counsel" is void because it was issued after the trial court's plenary

power had expired)

Further, the July 10th, 2014 Discovery Sanction Order is void ab initio because it was

entered while Diogu was on a vacation pursuant to Fort Bend County Local Rule. A court

must continue a trial if a local rule mandates that the lead attorney is entitled to a

continuance when a case is set for trial within the period designated by the attorney in a

vacation letter, regardless of when the order setting the case for trial was signed. *See In re N. Am. Refractories Co.*, 71 S.W.3d 391, 394 (Tex. App.—Beaumont 2001, orig. proceeding). Also compare Exhibit "C"-"F"

## PRAYER

For the foregoing reasons, the Court should grant this Petition for Writ of Mandamus, vacate the trial court's Order of June 25th, 2015 and instruct the trial court to take no further action, and award Relator all other relief to which they are justly entitled.

Respectfully submitted,

By: __*/S/Diogu Kalu Diogu ii*__
Diogu Kalu Diogu II, LL.M.
State Bar No. 24000340
P. O. Box 994, Fulshear, Texas 77441
Telephone (713) 791 3225
Telecopier (832) 408 7611

## CERTIFICATE OF COUNSEL

I certify, in accordance with Texas Rule of Appellate Procedure 2.3U), that I have reviewed this petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

By: __*/S/Diogu Kalu Diogu ii*__
Diogu Kalu Diogu II, LL.M.

## CERTIFICATE OF SERVICE

I hereby certify that on August 20th, 2015, a true and correct co of the foregoing petition for Writ of Mandamus and Appendix was served by Personal Delivery Fax to

14

**Respondent**

**T**he Judge Brenda Mullinix
387th District Court
Fort Bend County Justice Center
204 South Buffalo Avenue
Richmond, Texas 77406

By: _/S/Diogu Kalu Diogu ii_
Diogu Kalu Diogu II, LL.M.
State Bar No. 24000340
P. O. Box 994, Fulshear, Texas 77441
Telephone (713) 791 3225
Telecopier (832) 408 7611