Mike HJALMARSON, et al., Relators,

v.

Honorable J.D. LANGLEY, Judge, 85th District Court, Brazos County, Texas, Respondent.

No. 10–92–142–CV.

Court of Appeals of Texas, Waco.

Oct. 21, 1992.

C.J. Kling, Thornton, Payne, Watson & Kling, P.C., Bryan, James F. Tyson, Houston, Neal H. Paster, Neal H. Paster & Associates, Houston, for relators.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

Attorneys Mike Hjalmarson, Eric Nielsen, and Elliott Flood, the relators, seek a writ of mandamus to set aside a sanction order entered against them under Rule 13. They contend the order is void because it is based on a motion that was not filed until after their client, Nat Gonzalez, took a nonsuit against Kent Moore Cabinets, Inc. Kent Moore, the real party in interest, argues that the relators are not entitled to mandamus because they had an adequate remedy by a direct appeal. We hold that the order is void and conditionally grant the writ.

**1.** Kent Moore had filed a prior motion for sanctions under Rule 13, but the court denied it in

On January 6, 1992, Gonzalez took a nonsuit in his case against Kent Moore. See TEX.R.CIV.P. 162. No claim for affirmative relief or motion for sanctions was then pending against him. The court signed an order of nonsuit on January 6. Kent Moore filed a motion [1] on January 15 to sanction Gonzalez and his attorneys under Rule 13. See id. at 13. The court held a hearing on the motion on January 30, but waited until February 17 to sign the sanction order. In the sanction order, the court found that Hjalmarson, Nielsen, and Flood failed to diligently investigate the facts before filing the suit and that they filed the suit in bad faith. The court ordered them to pay Kent Moore $8500 plus costs as a sanction.

## EFFECT OF THE NONSUIT

Gonzalez' right to a nonsuit was absolute because Kent Moore had no claim for affirmative relief or motion for sanctions then pending. See id. at 162; BHP Petroleum Co., Inc. v. Millard, 800 S.W.2d 838, 840 (Tex.1990, orig. proceeding). The court's signing of the January 6 order of nonsuit was a ministerial act. See Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59 (Tex.1991, orig. proceeding). Under the circumstances, the nonsuit discontinued the entire cause. See Greenberg v. Brookshire 640 S.W.2d 870, 872 (Tex.1982, orig. proceeding) (quoting Hoodless v. Winter, 80 Tex. 638, 16 S.W. 427, 428 (1891)). Thus, any action taken thereafter without reinstating the cause was erroneous. See Greenberg, 640 S.W.2d at 871; Ashpole v. Millard, 778 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); Gibson v. Gibson, 653 S.W.2d 646, 647 (Tex.App.—Waco 1983, no writ).

The court never reinstated the cause. Accordingly, it should not have heard the motion for sanctions or entered the sanction order based on the motion. See Greenberg, 640 S.W.2d at 871. The February 17 sanction order was thus void because the cause was never reinstated and

June 1991.

the court signed the sanction order after its plenary power to reinstate had ·expired. *See Merrill Lynch Relocation Man. v. Powell,* 824 S.W.2d 804, 806 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding); *Ashpole,* 778 S.W.2d at 171.

### WOLMA V. GONZALEZ

We recognize that our holding is contrary to the result in *Wolma v. Gonzalez,* 822 S.W.2d 302 (Tex.App.—San Antonio 1991, orig. proceeding), authority relied on by Kent Moore. There the parties entered into a settlement agreement that resulted in the plaintiff taking a nonsuit. *Id.* at 302. After the court entered an agreed judgment, .the defendant then moved to sanction the plaintiff under Rule 13. *Id.* at 303. The court signed the sanction order thirty-one days after entry of the agreed judgment. *Id.* All of these actions were apparently taken in the nonsuited cause without ever reinstating it. Alleging that the sanction order was void because it was signed after the court's plenary power had expired, the plaintiff tried to set it aside by a writ of mandamus.

Relying on a mixture of federal and Texas case law, the court in *Wolma* essentially held that: (1) a motion for Rule 13 sanctions is a collateral and independent claim that need not be filed within the court's plenary power; (2) the court could grant Rule 13 sanctions in the dismissed cause even though its plenary power had expired; and (3) Rule 13 sanctions can be granted after a voluntary nonsuit. *Id.* Finally, finding that the plaintiff had an adequate remedy by appeal, the court denied the petition for mandamus. *Id.* at 304.

■ A court has no more power to act in sanction matters without jurisdiction than it does elsewhere. What is most troubling about the decision in *Wolma* is that it cannot be squared with established legal principles relating to jurisdiction. A court .must have jurisdiction to act or its acts are void. *State v. Olsen,* 360 S.W.2d 398, 399

(Tex.1962, orig. proceeding). Moreover, its jurisdiction must be legally invoked or its power to act is nonexistent. *Id.* Where did the trial court's jurisdiction to enter the sanction order come from? How was it invoked?

■ A court loses jurisdiction of a cause once its plenary power expires. *Jackson v. Van Winkle,* 660 S.W.2d 807, 808 (Tex. 1983). Notwithstanding this most basic rule, the court attempts to predicate the sanction order on the trial court's jurisdiction over the nonsuited cause: "While [the trial court's] plenary power to alter the agreed judgment may have expired, that fact did not affect [its] jurisdiction to grant Rule 13 sanctions." *Wolma,* 822 S.W.2d at 302. In other words, the trial court had continuing power to act on a collateral and independent claim for sanctions arising out of a cause over which it had lost jurisdiction, and it could continue to act on sanction matters in the dismissed cause. That postulation is a *non sequitur.* A court cannot lose jurisdiction of a cause and yet still retain jurisdiction to act in that same cause.

■ Nor could the trial court's jurisdiction spring from the inherent power to sanction. Texas recognizes inherent judicial power—a power that is not derived from a specific legislative grant or constitutional provision but exists to enable a court to effectively perform its judicial functions and to protect its dignity, independence, and integrity. *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398–99 (Tex. 1979). However, a court's inherent judicial power does not confer jurisdiction where none pre-exists by statutory or constitutional grant. *Id.* at 399 ("Under our system there is no such thing as the inherent power of a court, 'if, by that, be meant a power which a court may exercise without a law authorizing it' "). As the authors of a law review article recently noted, the inherent power of a court to sanction has "ancient roots in a court's jurisdiction."[2]

2. Recent law review articles discussing the inherent power of a court to sanction are informative. Kevin F. Risley, *Why Texas Courts Should Not Retain The Inherent Power To Im-* *pose Sanctions,* 44 Baylor L.Rev. 253 (1992); J.D. Page & Doug Sigel, *The Inherent And Express Powers Of Courts To Sanction,* 31 S.Tex. L.Rev. 43 (1990).

J.D. Page & Doug Sigel, *The Inherent And Express Powers of Courts To Sanction*, 31 S.Tex.L.Rev. 43, 47 (1990).

Accordingly, this analytical progression necessarily follows based upon the facts in *Wolma.* The trial court lost jurisdiction over the nonsuited cause when its plenary power expired. *Jackson,* 660 S.W.2d at 808. Any action taken thereafter in the dismissed cause was void. *Olsen,* 360 S.W.2d at 399. The sanction order was void, and the court should have granted the writ of mandamus to set it aside. *Id.*

Moreover, we note several other anomalies in the *Wolma* opinion. First, the court ignored Rule 162 and the case law interpreting it. Without ever reinstating the nonsuited cause, the trial court continued to act in the same proceeding, not only signing an agreed judgment but sanctioning the plaintiff. Under the circumstances—at least according to the Texas Supreme Court—"the trial court should not have held the hearing [on the motion to sanction and] the judge erred in rendering an order [based on the motion]." *Greenberg,* 640 S.W.2d at 871.

Second, the result in *Wolma* conflicts with the plain intent of this proviso in Rule 162: "A dismissal under this rule shall have no effect on any motion for sanctions ... pending at the time of dismissal." TEX. R.CIV.P. 162. Logically, if the Supreme Court in adopting the rule expressly provided that pending motions would be unaffected by a nonsuit, then it must have necessarily and implicitly intended that "nonpending" claims for sanctions would be affected. That is, any claim for sanctions not yet filed would be barred unless and until the cause was reinstated. The decision in *Wolma,* which treats pending and nonpending claims for sanctions the same, makes the proviso in Rule 162 meaningless.

■ A court retains plenary power to reinstate a cause after a nonsuit. *Missouri Pacific R. Co. v. Whitaker,* 815 S.W.2d 348, 349 n. 2 (Tex.App.—Tyler 1991, orig. proceeding). The defendant in *Wolma* should have moved to reinstate the cause while the court retained its plenary power over the dismissed proceeding, al-

leged in the motion to reinstate the basis for sanctions under Rule 13, and asked the court to reinstate the proceeding for the limited purpose of filing and determining the sanction motion. *Id.* Limiting the reinstatement to hearing and determining the sanction motion would have been necessary because the court could not force the plaintiff to continue to actively prosecute his claim. *Progressive Ins. Companies v. Hartman,* 788 S.W.2d 424, 427 (Tex.App.—Dallas 1990, orig. proceeding). A motion to reinstate is addressed to the trial court's sound discretion. *McClendon v. State Farm,* 796 S.W.2d 229, 233 (Tex.App.—El Paso 1990, writ denied). Thus, the party aggrieved by the ruling on the motion to reinstate could have had the court's discretion reviewed in a direct appeal. *Whitaker,* 815 S.W.2d at 349. This procedure, which would have avoided the emasculation of Rule 162, is supported by Texas case law.

### WRIT OF MANDAMUS

The sanction order against Hjalmarson, Nielsen, and Flood is void because the court lacked jurisdiction to enter it. Thus, the court abused its discretion when it entered the order. For the reasons stated above, and contrary to the decision in *Wolma,* relators do not have an adequate remedy by appeal. *See Olsen,* 360 S.W.2d at 399. We therefore conditionally grant the writ of mandamus.

We assume that Judge Langley, the respondent, will expeditiously vacate his February 17 sanction order and that issuance of a writ will not be necessary. If the order is not withdrawn, however, the writ will issue.

VANCE, Justice, concurring.

Although I concur in the order conditionally granting the writ of mandamus, I do not agree with the discussion of *Wolma v. Gonzalez,* 822 S.W.2d 302 (Tex.App.—San Antonio 1991, orig. proceeding).

*Greenberg v. Brookshire* is dispositive of this appeal. *See Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982, orig. proceed-

ing). *Greenberg* holds that a court should not hear a counterclaim after the plaintiff takes a non-suit. *Id.* at 871. Because Rule 162 makes no distinction between counterclaims and motions for sanctions, requiring both to be pending at the time of a non-suit to continue to be effective, the rationale of *Greenberg* precludes the imposition of the sanction in this case. *See id.*

Rule 13 was amended in 1987—after *Greenberg*—to provide for sanctions for groundless pleading brought in bad faith or for harassment. TEX.R.CIV.P. 13. At the same time, Rule 162 was amended to provide that a non-suit would not affect pending counter claim or motions for sanctions. *Id.* at 162. Thus, it appears that the Supreme Court intended that the rule of *Greenberg* survive those changes in the Rules.

I would distinguish *Wolma.* It involved a take-nothing judgment rather than a non-suit. *Wolma,* 822 S.W.2d at 303. Thus, Rule 162 was not involved. It is true that the opinion states "Wolma nonsuited his claim." *Id.* at 302. However, the opinion further states that the court "signed an agreed judgment that Wolma take nothing against the real party in interest" and the opinion is premised on that fact. *Id.* at 302–03. If *Wolma* involved a judgment, it is not applicable to the facts of this case. If it involved a non-suit, it is sufficient to say that it cannot be reconciled with *Greenberg* and Rule 162. *See Greenberg,* 640 S.W.2d at 870; TEX.R.CIV.P. 162. In either event, discussions of inherent power and plenary power are not necessary to the disposition of this appeal.

For these reasons, I concur.