LANE BANK EQUIPMENT
CO., Appellant,

v.

SMITH SOUTHERN EQUIPMENT,
INC., Appellee.

No. 01–97–01032–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 23, 1998.

Rehearing Overruled Aug. 31, 1998.

Walter J. Kronzer, III, Houston, for Appellant.

John M. Mings, Houston, for Appellee.

Before COHEN, WILSON and NUCHIA, JJ.

## OPINION

COHEN, Justice.

The trial judge granted appellee's (Smith's) motions for summary judgment and for sanctions against appellant (Lane). The principal issue before us is whether under TEX.R. CIV. P. 329b(g), a timely filed motion for sanctions extends the trial court's plenary jurisdiction. We hold that it does. We affirm.

### Facts

Smith and Lane are in the business of designing, installing, and supplying equipment to banks. Several Smith employees are former Lane employees. Lane first sued Smith on February 23, 1995, for unfair competition. On the eve of trial, Lane nonsuited. The trial judge granted the non-suit conditioned on the lack of prejudice to Smith's claim for attorney fees if Lane refiled. On April 8, 1996, Lane sued Smith again, alleging misappropriation of trade secrets, tortious interference, and unfair competition. Smith was granted summary judgment on June 5, 1997. In its entirety, the order stated: "[Smith's] motion for summary judgment is granted." Smith moved for sanctions and for rendition of final judgment on June 26, 1997, a time within the court's plenary power. The trial judge signed an order granting sanctions on July 11, 1997. On the same day, the trial judge signed a separate document styled "final judgment" that contained a Mother Hubbard clause.

### Plenary Power

In its first point of error, Lane asserts the trial court's plenary jurisdiction had expired before the sanctions motion was granted. We disagree.

Lane contends the June 5 order was a final judgment, and therefore, plenary power expired thirty days later, before trial judge assessed sanctions. Even if the June 5 order was a final judgment, Smith's June 26, 1997 motion for sanctions was, under TEX.R. CIV. P. 329b(g), a motion to modify or reform that judgment. It requested a substantive change in the judgment, an award of more than $40,000 in attorney's fees and expenses. Thus, we hold that it extended the trial court's plenary power. *Accord Home Owners Funding Corp. of America v. Scheppler*, 815 S.W.2d 884, 887 (Tex.App.—Corpus Christi 1991, no writ) (timely filed sanctions motion extends plenary power under rule 329b(g)); *see also Ramirez v. Williams Bros. Const. Co.*, 870 S.W.2d 551, 552 (Tex.App.—Houston [1st Dist.] 1993, no writ) (any postjudgment motion requesting a substantive change in the original judgment extends the time for perfecting appeal).

Lane relies on a case with strikingly similar facts, *Hjalmarson v. Langley*, 840 S.W.2d 153 (Tex.App.—Waco 1992, no writ). In *Hjalmarson*, the judgment was signed on January 6, 1992, a motion for sanctions was filed on January 15, 1992, and the order granting sanctions was signed on February 17, 1992. *Id.* at 154. The court held, among other things, that the sanctions order was void because the trial court's plenary power had expired before it was signed. *Id.* at 156.

The Texas Supreme Court specifically approved this portion of the *Hjalmarson* holding in *Scott & White Mem. Hosp. v. Schexnider,* 940 S.W.2d 594, 596 (Tex.1996). Regarding *Hjalmarson,* the supreme court stated, "Although the defendant filed the [sanctions] motion while the trial court had plenary jurisdiction, the trial court did not sign the order purporting to grant the motion *until after the court's jurisdiction had expired....* [T]he court in *Hjalmarson* correctly concluded that the trial court could not grant the motion after its plenary jurisdiction had expired...." *Id.* (emphasis added). Nevertheless, the holding in *Schexnider* was on a different basis, and the opinion never specifically discussed whether a timely filed sanctions motion extends a trial court's plenary power.[1] Lane contends the Supreme Court could not have intentionally and correctly held that the trial court in *Hjalmarson* lacked plenary power, except by implicitly concluding that a timely filed post-judgment sanctions motion does not extend the trial court's 30–day period of plenary power.

The issue is difficult, but because *Schexnider's* approval of *Hjalmarson* seems, to us, unnecessary under the facts of that case and because the conclusion seems plainly contrary to TEX.R. CIV. P. 329b(g), we conclude that *Schexnider* is not controlling. We decline to follow *Hjalmarson* because we believe the better rule is that stated by the Corpus Christi court in *Scheppler* and by this court in *Ramirez.* Accordingly, we overrule the first point of error.

#### Summary Judgment

In its second point of error, Lane asserts there were fact issues precluding summary judgment on its tortious interference claim. We follow the usual standard of review. TEX.R. CIV. P. 166a(c); *Randall's Food Markets, Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995).

[1.] There was no need to discuss the issue directly in *Schexnider* because the supreme court twice observed that the trial court in that case imposed sanctions while it retained plenary jurisdiction. *Schexnider,* 940 S.W.2d at 595, 596. The issue in

■ The elements of tortious interference with a contract are: "(1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of the plaintiff's damages; and (4) actual damage or loss." *Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203, 210 (Tex.1996).

#### 1. Lane Customers.

■ In response to Smith's interrogatories, Lane identified Smith's alleged willful interference with Lane's customer contracts. Smith presented this response in its motion for summary judgment along with additional summary judgment evidence establishing Smith did not interfere with Lane's customer contracts. In its response, Lane did not attack Smith's evidence. Rather, Lane presented an affidavit to establish its claim. On appeal, Lane asserts the affidavit created a fact issue.

Lane asserts Smith interfered with Lane's customer contracts by converting Lane's property for its own use to gain an advantage with Lane's existing clients. Lane relies on an affidavit by Joe Privat that stated:

> I personally saw Randy Richie use a file containing copies of all of the service contracts of Lane Bank Equipment. I also heard Mr. Richie call these customers to obtain their business for Smith Southern if possible. I also saw parts delivered to the offices which I knew to be removed from the dock of Lane Bank Equipment Company. Randy Richie has a list of customers. I am not sure if it was a contract list.

In her sanctions order, the trial judge found that this affidavit was presented in bad faith in violation of TEX.R. CIV. P. 166a(h). Appellant does not contest the trial judge's bad faith finding.

In response to the first Richie affidavit, Smith presented a second Richie affidavit that stated:

> I did not see Randy Richie at any time with Lane Bank Equipment contracts. All

*Schexnider* was, "Does the trial court have the power during its plenary jurisdiction to grant a motion for sanctions under Texas Rule of Civil Procedure 13 though the motion was not pending when nonsuit was filed?" *Id.* at 595.

I know is that 5–6 years ago I saw Randy Richie, before the formation of [Smith], with a list of banks. I do not know whether the list came from Lane Bank Equipment Co., the telephone directory or some other source.... "Smith Southern" in the first paragraph ... should be "Southern Bank Services," ... not Smith Southern Equipment, Inc. All activities described in my [first affidavit] occurred 5–6 years ago.

Lane asserts the conflict between the first and second affidavits creates a fact issue for the jury. We disagree. Though the second affidavit contradicts the first (bad faith) affidavit in some respects, the second affidavit supplements the first affidavit with one crucial, uncontradicted fact: Randy Richie's acts occurred before Smith existed. Thus, even if Richie's conduct before Smith existed constituted tortious interference, it cannot support a judgment against Smith.

**2. Lane Employees.**

▆ We do not reach the issue of Smith's alleged tortious interference with Lane's employment contracts because Lane offers no argument or authority in support of his assertion.[2] Thus, nothing is presented for review. TEX.R.APP. P. 38.1(h).

We overrule the second point of error.

### *Sanctions*

In its third point of error, Lane asserts the sanctions award under TEX.R. CIV. P. 13 was erroneous because the trial judge erred in granting Smith's summary judgment. We have held the judge did not err in granting summary judgment. Therefore, the sanctions award was not erroneous for that reason. Appellant also claims that the sanction is not authorized by TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001–.004 (Vernon Supp. 1998). Having upheld the sanction under TEX.R. CIV. P. 13, we need not reach the trial court's alternative statutory basis for the sanction.

We overrule the third point of error.

We affirm the judgment.

---

**2.** Lane asserts that Joe Privat's conflicting affidavits create a fact issue. We disagree. Privat's affidavits address interference only with Lane's customer contracts, not with Lane's employment contracts.