

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-11-00050-CV

## IN RE TOYOTA MOTOR CORPORATION AND
## TOYOTA MOTOR SALES, U.S.A., INC.

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Toyota Motor Corporation filed a petition for a writ of mandamus to require the trial court to withdraw an order appointing an independent investigator to investigate potential discovery abuses during the pendency of *Green v. Toyota Motor Corporation*. The trial court on its own motion appointed a "special counsel," relying on its "inherent authority to enforce previously lawfully issued orders." Toyota complains that the trial court was without jurisdiction to enter this order. We will conditionally grant relief.

### *PROCEDURAL HISTORY*

An order compelling discovery was entered by the trial court on July 31, 2006 in which Toyota was ordered to produce documents to Green and amend certain answers

to the interrogatories propounded upon it. No further proceedings were conducted in regard to discovery prior to the final judgment. The case settled in mediation and the cause was ultimately dismissed on April 23, 2007. In September of 2009, Green filed a motion for sanctions and motion for contempt for discovery abuses relating to the 2006 order. On September 25, 2009, Green filed a motion seeking to order Toyota to preserve evidence. Toyota responded by filing a plea to the jurisdiction. On October 28, 2009, the trial court denied the plea to the jurisdiction and granted the motion to preserve evidence based on its "inherent authority to enforce previously issued lawful orders," but it was unclear as to whether or not it had jurisdiction to consider Green's motion for sanctions and contempt.

Toyota filed a petition for mandamus in this Court, which was denied. *In re Toyota Motor Corp.*, No. 10-09-00371-CV, 2010 WL 199857, at *1, 2010 Tex. App. LEXIS 515 (Tex. App.—Waco Jan. 20, 2010) (orig. proceeding). The Texas Supreme Court denied Toyota's petition for writ of mandamus and motion for rehearing without a written opinion.

The trial court conducted a status conference on October 20, 2010, at which time the trial court determined that it would review the documents presented by a former attorney for Toyota and determine whether under its inherent power it would conduct an investigation into any violations of the discovery order. On February 3, 2011, by letter order, the trial court appointed a "special counsel" to "investigate whether there has been any violation of this Court's order on Plaintiff's 1st Motion to Compel dated July 31, 2006." The order also gave the "special counsel" the authority to pursue "any

relevant motions, if any, that would be necessary to remedy the alleged violation of this order, if any." Toyota has filed a second petition for writ of mandamus, complaining that the trial court did not have jurisdiction to enter the order appointing a "special counsel," and that the order violated Toyota's rights to due process.

*AVAILABILITY OF MANDAMUS RELIEF*

We must first determine whether mandamus relief is available to Toyota. Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in mandamus. *Id.* The issuance of a void order is an abuse of discretion. *Custom Corporates, Inc. v. Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (*citing In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000)). Mandamus is proper when the trial court issues an order that is void because it is issued after the trial court's plenary power has expired. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

Absent extraordinary circumstances, mandamus ordinarily will not issue unless relator lacks an adequate remedy by appeal. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210-11 (Tex. 2004) (*citing Walker*, 827 S.W.2d at 839). However, cases involving void

orders present a circumstance warranting mandamus relief. *Id.* When an order is adjudged to be void, a relator need not additionally show the lack of an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

### *INHERENT POWERS OF THE TRIAL COURT*

In addition to the express grants of judicial power to each court, trial courts possess certain "inherent powers" which are "woven into the fabric of the constitution." *See Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). "The inherent judicial power of a court is not derived from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged by the constitution with certain duties and responsibility." *Id.* The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *See Eichelberger*, 582 S.W.2d at 398. The power exists to enable our courts to effectively perform their judicial functions and to protect their dignity, independence, and integrity. *Eichelberger*, 582 S.W.2d at 398-99.

However, inherent power is not a substitute for plenary jurisdiction. *See Lane Bank Equipment Co. v. Smith Southern Equipment*, 10 S.W.3d 308, 311 (Tex. 2000) (*citing Hjalmarson v. Langley*, 840 S.W.2d 153, 55 (Tex. App.—Waco 1992, orig. proceeding)); *see also Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 & n.2 (Tex. 1996) (stating that a court cannot issue an order of sanctions after its plenary power has expired). Nor does a trial court's inherent judicial power confer jurisdiction where none pre-exists by statutory or constitutional grant. *See Hjalmarson*, 840 S.W.2d at 155.

Regardless of whether there are or were other remedies available for Toyota's failure, if any, to comply with a discovery order in a case that was settled, the trial court does not have jurisdiction to pursue an investigation in that proceeding of the possible violation of a discovery order long after its plenary power has otherwise expired.[1]  We hold that the trial court's order appointing a "special counsel" is void because it was issued after the trial court's plenary power had expired.

### CONCLUSION

We conditionally grant Toyota's mandamus petition.  A writ will issue only if Respondent fails to withdraw his order naming "special counsel" within twenty-one days after the date of this opinion.[2]


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Writ Conditionally Granted
Opinion delivered and filed November 16, 2011
[OT06]

---

[1] We do not believe that there were no remedies to pursue against those who may have violated the discovery order.  It would appear that the attorneys representing Toyota who were involved in the alleged violations could be investigated and possibly sanctioned by their licensing authorities in the states in which they are licensed to practice law.  Additionally, if Green believed she had been defrauded, she could have attempted to set aside the settlement agreement either by a fraud cause of action or by bill of review.  *See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 776-77 (Tex. 2009); *see also Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46 (Tex. 1998).

[2] We note that Green attempted to file a response to the petition.  However, she is not a proper party to the proceeding as a real party in interest.  We will only receive her response and consider it as an *amicus* brief.  Accordingly, the Clerk is ordered to change the designation thereof from "Filed" to "Received."