ACCEPTED
03-16-00091-CV
13096560
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/6/2016 10:51:57 AM
JEFFREY D. KYLE
CLERK

NO. 03-16-00091-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/6/2016 10:51:57 AM
JEFFREY D. KYLE
Clerk

## IN THE COURT OF APPEALS
## FOR THE THIRD COURT OF APPEALS
## DISTRICT OF TEXAS AT AUSTIN

### JAMES A. DAVIS AND VERONICA L. DAVIS
**Appellants,**

**v.**

### STATE FARM LLOYDS TEXAS AND GERALD KROUSE,
**Appellees.**

**On Appeal from the 250th
Judicial District Court of Travis County, Texas**

### BRIEF OF APPELLEE, GERALD KROUSE

**APPELLEE REQUESTS ORAL ARGUMENT**

> **Gregory A. Whigham**
> **State Bar No. 21266800**
> **MacINNES, WHIGHAM &
> SIEFKEN, L.L.P.**
> **3305 Northland Drive, Suite 205**
> **Austin, TX 78731**
> **(512) 477-6813 Telephone**
> **(512) 477-7573 Facsimile**
>
> **ATTORNEYS FOR APPELLEE
> GERALD KROUSE**

NO. 03-16-00091-CV

**IN THE COURT OF APPEALS
FOR THE THIRD COURT OF APPEALS
DISTRICT OF TEXAS AT AUSTIN**

**JAMES A. DAVIS AND VERONICA L. DAVIS**

**Appellants,**

**v.**

**STATE FARM LLOYDS TEXAS AND GERALD KROUSE,**

**Appellees.**

**BRIEF OF APPELLEE, GERALD KROUSE**

TO THE HONORABLE COURT OF APPEALS:

Appellee, GERALD KROUSE respectfully presents this his Brief of Appellee in support of the Order Denying Plaintiffs' Motion to Reinstate, signed on January 19, 2016, by the 345th District Court, Travis County, Texas, and in support of the preceding Order, signed on November 16, 2015, by that same District Court (which Order dismissed Cause No. D-1-GN-13-001724, following Plaintiffs/Appellants' Notice of Non-Suit), and respectfully represents the following:

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellants/Plaintiffs:**          James A. Davis and Veronica L. Davis

Trial/Appellate Counsel:          Veronica L. Davis
State Bar No. 05557300
Law Office of Veronica L. Davis
226 N. Mattson
West Columbia, Texas 77486
Telephone: 979-345-2953
Facsimile: 979-345-5461

**Appellee/Co-Defendant:**          Gerald Krouse

Trial/Appellate Counsel:          Robert A. MacInnes
State Bar No. 12760550
Gregory A. Whigham
State Bar No. 21266800
MacINNES, WHIGHAM & SIEFKEN, L.L.P.
3305 Northland Drive, Suite 205
Austin, TX 78731
Telephone: 512-477-6813
Facsimile: 512-477-7573

**Appellee/Co-Defendant:**          State Farm Lloyds Texas

Trial/Appellate Counsel:          Edward F. Kaye
State Bar No. 24012942
Skelton & Woody
248 Addie Roy Rd., Ste. B-302
Austin, Texas 78746
Telephone: 512-651-7000
Facsimile: 512-651-7001

## PARTY REFERENCES

References to Appellee, Gerald Krouse, will sometimes be "Krouse"

References to Appellee, State Farm Lloyds Texas, will sometimes be "State Farm"

## CITATION REFERENCES

Clerk's Record will be cited as "CR".

Supplemental Clerk's Record will be cited as "SCR".

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PARTY REFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

CITATION REFERENCES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**A. The Order Denying Plaintiffs' Motion to Reinstate, signed on January 19, 2016, by the 345th District Court, Travis County, Texas, and the preceding Order, signed on November 16, 2015, by that same District Court (which Order dismissed Cause No. D-1-GN-13-001724, following Plaintiffs/Appellants' Notice of Non-Suit), are final, disposing of all issues in that Cause Number** . . . . . 3, 6

**B. The Trial Court did not err in refusing to allow venue transfer once the previous severance order was granted** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8

**C. The Trial Court did not err in signing its Order Vacating Prior "Order" & Order on Plaintiffs' Motion for Sanctions, Motion to Compel, and Motion for Continuance, signed on July 15, 2015** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

**D. The Trial Court did not err in refusing to grant a continuance in Cause No. D-1-GN-13-001724 on November 16, 2015** . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

**E. The Trial Court did not err in signing its Order Denying Plaintiffs' Motion to Reinstate, signed on January 19, 2016** . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

**F. The Trial Court did not err in signing its Order Sustaining Contest to Affidavit of Indigence Inability to Pay Fees and Related Costs of Appeal, signed on March 8, 2016** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

**G. There is nothing in the record before this Honorable Appellate Court to demonstrate that the Court made any "determination of mistake" that allegedly forced Plaintiffs/Appellants to non-suit Cause No. D-1-GN-13-001724** . . 5, 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

## CASES

Ashpole v. Millard, 778 S.W.2d 169 (Tex. App-Houston [1st Dist.])  . . . . . . . . . . 7

Brainard v. Trinity Universal Ins. Co., 216 S.W.3d 809 (Tex. 2006)  . . . . . . . . . . 7

Couch Mortgage Company v. Roberts, 544 S.W.2d 944 (Tex. App.-Houston [1st Dist.] 1977)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hjalmarson v. Langley, 840 S.W.2d 153 (Tex. App.-Waco 1992)  . . . . . . 7, 10, 11

Lentino v. Front National Bank, 159 S.W.3d 651 (Tex. App.-Houston [14th Dist.]) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

McClendon v. State Farm Mutual Automobile Insurance Company, 796 S.W.2d 229 (Tex. App.-El Paso 1990)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

United States Fidelity and Guaranty Company v. Beuhler, 597 S.W.2d 523 (Tex. App.-Beaumont 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATEMENT OF THE CASE

*Nature of the case.* The Plaintiffs/Appellants brought Cause No. D-1-GN-12-004077 in the 345th District Court, Travis County, Texas, against both Defendants/Appellees, asserting a right to tort and contractual damages relating to three automobile claims and two homeowner claims [CR: 4-28].

*Course of proceedings.* The Trial Court subsequently signed its Order, on May 22, 2013, which essentially severed the automobile claims from the homeowner claims [CR: 41-43]. The latter remained in Cause No. D-1-GN-12-004077, and the former were assigned to a newly created Cause No. D-1-GN-13-001724, in the 250th District Court. Furthermore, that same Order abated all contractual and extra-contractual claims in Cause No. D-1-GN-13-001724.

*Trial Court Disposition.* The Trial Court signed its Order Denying Plaintiffs' Motion to Reinstate, signed on January 19, 2016, and its preceding Order, signed on November 16, 2015, (which Order dismissed Cause No. D-1-GN-13-001724, following Plaintiffs/Appellants' Notice of Non-Suit) [CR: 282; 318].

## STATEMENT REGARDING ORAL ARGUMENT

This Defendant/Appellee contends that oral argument, which has been requested, would assist this Honorable Appeals Court in determining the issues involved in this appeal by the Appellant. Therefore, oral argument should be

permitted.

## STATEMENT OF FACTS

The Plaintiffs/Appellants brought Cause No. D-1-GN-12-004077 in the 345th District Court, Travis County, Texas, against both Defendants/Appellees, asserting a right to tort and contractual damages relating to three automobile claims and two homeowner claims [CR: 4-28].

The Trial Court subsequently signed its Order, on May 22, 2013, which essentially severed the automobile claims from the homeowner claims [CR: 41-43]. The latter remained in Cause No. D-1-GN-12-004077, and the former were assigned to a newly created Cause No. D-1-GN-13-001724, in the 250th District Court [CR: 41-43]. Furthermore, that same Order abated all contractual and extra-contractual claims in Cause No. D-1-GN-13-001724 [CR: 41-43].

The Trial Court signed its Order Denying Plaintiffs' Motion to Reinstate, on January 19, 2016, and signed its preceding Order, on November 16, 2015, (which Order dismissed Cause No. D-1-GN-13-001724, following Plaintiffs/Appellants' Notice of Non-Suit) [CR: 318; 282; 280-281].

## SUMMARY OF ARGUMENT

### A. The Order Denying Plaintiffs' Motion to Reinstate and the preceding Order, dismissing Cause No. D-1-GN-13-001724 are final, disposing of all issues in that lawsuit

When the Trial Court signed its Order Denying Plaintiffs' Motion to Reinstate, and the preceding Order, dismissing Cause No. D-1-GN-13-001724, all causes of action in that lawsuit were dismissed, including the previously abated ones.

### B. The Trial Court did not err in refusing to allow venue transfer once the previous severance order was granted

The Trial Court did not err in refusing to allow venue transfer once the previous severance order was granted.

There is no record before this Honorable Appellate Court that the Plaintiffs/Appellants moved for a transfer of venue after the creation of Cause No. D-1-GN-13-001724.

Furthermore, Travis County was the venue chosen by the Plaintiffs/Appellants when this lawsuit was originally commenced. There is no procedural rule permitting a plaintiff to move for a transfer of venue after that plaintiff has chosen the venue for the lawsuit.

**C. The Trial Court did not err in signing its Order Vacating Prior
"Order" & Order on Plaintiffs' Motion for Sanctions,
Motion to Compel, and Motion for Continuance**

The Trial Court did not err in signing its Order Vacating Prior "Order" & Order

on Plaintiffs' Motion for Sanctions, Motion to Compel, and Motion for Continuance,

signed on July 15, 2015.

The Trial Court, by signing that order, was modifying its previously signed

order (regarding those issues), which was signed on July 9, 2014.

Furthermore, this issue is completely irrelevant to the issues before this Court,

regarding the finality of the Trial Court's subsequent dismissal order following the

non-suit by Plaintiffs/Appellants.

**D. The Trial Court did not err in refusing to grant a
continuance in Cause No. D-1-GN-13-001724
on November 16, 2015**

There is no record before this Honorable Appellate Court regarding a Motion

for Continuance presented by the plaintiffs before the commencement of jury trial on

November 16, 2015, and there is no record before this Honorable Appellate Court

regarding any rulings by the Trial Court regarding any request for any continuance.

## E. The Trial Court did not err in signing its Order
## Denying Plaintiffs' Motion to Reinstate

The Trial Court did not err in signing its Order Denying Plaintiffs' Motion to

Reinstate, signed on January 19, 2016.

It is within the sound discretion of the Trial Court to deny that Motion, because

the Plaintiffs/Appellants did not present sufficient grounds to the Trial Court to

support reinstatement of Cause No. D-1-GN-13-001724.

## F. The Trial Court did not err in signing its Order Sustaining
## Contest to Affidavit of Indigence Inability to
## Pay Fees and Related Costs of Appeal

The Trial Court did not err in signing its Order Sustaining Contest to Affidavit

of Indigence Inability to Pay Fees and Related Costs of Appeal, signed on March 8,

2016, because sufficient grounds were presented to the Trial Court to support that

Contest. This Honorable Appellate Court has already resolved this issue, by previous

Order in this appeal.

## G. There is nothing in the record before this Honorable Appellate
## Court to demonstrate that the Court made any "determination
## of mistake" that allegedly forced Plaintiffs/Appellants to
## non-suit Cause No. D-1-GN-13-001724

There is no record before this Honorable Appellate Court regarding any

"determination of mistake" by the Trial Court which allegedly forced

Plaintiffs/Appellants to non-suit Cause No. D-1-GN-13-001724.

**ARGUMENT**

## A. The Order Denying Plaintiffs' Motion to Reinstate and the preceding Order, dismissing Cause No. D-1-GN-13-001724 are final, disposing of all issues in that lawsuit

When the Trial Court signed its Order Denying Plaintiffs' Motion to Reinstate, and the preceding Order, dismissing Cause No. D-1-GN-13-001724, all causes of action in that lawsuit were dismissed, including the previously abated ones.

The underlying lawsuit originally bore Cause No. D-1-GN-12-004077, filed in the 345th District Court, Travis County, Texas [CR: 4-28]. That lawsuit contained causes of action for damages relating to three different automobile claims and two different homeowner claims [CR: 4-28]. Thereafter, the Trial Court considered the Motion to Sever and Abate Plaintiffs' Extra-Contractual Claims, filed by Defendant/Appellee, State Farm. On May 22, 2013, the Court signed its Order, which granted that Motion [CR: 41-43]. That Order specified that the automobile claims were to be severed from the homeowner claims, and assigned Cause No. D-1-GN-13-001724 [CR: 41-43]. That is the lawsuit underlying this appeal. Furthermore, since the automobile claims included one claim for Uninsured/Underinsured Motorists insurance benefits, two claims for personal automobile insurance benefits, and also included claims for extra-contractual damages by the plaintiffs, the Court, by that Order, properly abated the contractual and extra-contractual automobile claims until

the resolution of the negligence claims being made against this Defendant/Appellee, Krouse. See, <u>Brainard v. Trinity Universal Ins. Co.</u>, 216 S.W.3d 809 (Tex. 2006); [CR: 41-43].

When this lawsuit was reached for jury trial, the Plaintiffs voluntary filed their Notice of Non-Suit [CR: 280-281]. In that Notice of Non-Suit, the Plaintiffs made no attempt to reserve the abated contractual and extra-contractual causes of action [CR: 280-281]. Therefore, the entire lawsuit bearing Cause No. D-1-GN-13-001724 was dismissed by the Trial Court's Order, signed on November 16, 2015, which Order stated "...this case is DISMISSED" [CR: 282].

The Plaintiffs thereafter presented their Amended Motion to Reinstate Cause [CR: 292-317]. On January 19, 2016, the Trial Court signed its Order Denying Plaintiffs' Motion to Reinstate [CR: 318]. Accordingly, the entire lawsuit bearing Cause No. D-1-GN-13-001724, including the abated issues therein, was dismissed. <u>Lentino v. Front National Bank</u>, 159 S.W.3d 651 (Tex. App.-Houston [14th Dist.]); <u>Hjalmarson v. Langley</u>, 840 S.W.2d 153 (Tex. App.-Waco 1992); <u>Ashpole v. Millard</u>, 778 S.W.2d 169 (Tex. App-Houston [1st Dist.]), and <u>United States Fidelity and Guaranty Company v. Beuhler</u>, 597 S.W.2d 523 (Tex. App.-Beaumont 1980).

Therefore, neither the Trial Court's Order dismissing Cause No. D-1-GN-13-001724 nor the Trial Court's subsequent Order Denying Plaintiffs' Motion to Reinstate, signed on January 19, 2016, were in any way interlocutory [CR: 282; 318].

## B. The Trial Court did not err in refusing to allow venue transfer once the previous severance order was granted

The Trial Court did not err in refusing to allow venue transfer once the previous severance order was granted.

There is no record before this Honorable Appellate Court that the Plaintiffs/Appellants moved for a transfer of venue after the creation of Cause No. D-1-GN-13-001724.

Furthermore, Travis County was the venue chosen by the Plaintiffs/Appellants when this lawsuit was originally commenced, under Cause No. D-1-GN-12-004077 [CR: 428]. There is no procedural rule permitting a plaintiff to move for a transfer of venue after that plaintiff has chosen the venue for the lawsuit.

## C. The Trial Court did not err in signing its Order Vacating Prior "Order" & Order on Plaintiffs' Motion for Sanctions, Motion to Compel, and Motion for Continuance

The Trial Court did not err in signing its Order Vacating Prior "Order" & Order on Plaintiffs' Motion for Sanctions, Motion to Compel, and Motion for Continuance, signed on July 15, 2015 [CR: 96].

The Trial Court, by signing that order, was simply modifying its previously signed order (regarding those issues), which previous order was signed on July 9, 2014 [CR: 94-95].

The Plaintiffs/Appellants rely incorrectly on Couch Mortgage Company v. Roberts, 544 S.W.2d 944 (Tex. App.-Houston [1st Dist.] 1977). In Couch Mortgage Company, that appellate court was dealing with a final court order adjudicating the merits of the cause of action, as would a judgment. Couch Mortgage Company, supra. Here, the Trial Court was resolving pre-trial issues relating to Plaintiffs' Motion for Sanctions, Motion to Compel, and Motion for Continuance [CR: 94-96].

Furthermore, this issue is completely irrelevant to the issues before this Court, regarding the finality of the Trial Court's subsequent dismissal order following the non-suit by Plaintiffs/Appellants.

### D. The Trial Court did not err in refusing to grant a continuance in Cause No. D-1-GN-13-001724 on November 16, 2015

There is no record before this Honorable Appellate Court regarding a Motion for Continuance presented by the Plaintiffs/Appellants before the commencement of jury trial on November 16, 2015, and there is no record before this Honorable Appellate Court regarding any rulings by the Trial Court regarding any request for any continuance.

## E. The Trial Court did not err in signing its Order
## Denying Plaintiffs' Motion to Reinstate

The Trial Court did not err in signing its Order Denying Plaintiffs' Motion to Reinstate, signed on January 19, 2016 [CR: 318].

It is within the sound discretion of the Trial Court to deny that Motion, because the Plaintiffs/Appellants did not present sufficient grounds to the Trial Court to support reinstatement of Cause No. D-1-GN-13-001724. Hjalmarson v. Langley, 840 S.W.2d 153 (Tex. App.-Waco 1992), and McClendon v. State Farm Mutual Automobile Insurance Company, 796 S.W.2d 229 (Tex. App.-El Paso 1990).

## F. The Trial Court did not err in signing its Order Sustaining
## Contest to Affidavit of Indigence Inability to
## Pay Fees and Related Costs of Appeal

The Trial Court did not err in signing its Order Sustaining Contest to Affidavit of Indigence Inability to Pay Fees and Related Costs of Appeal, signed on March 8, 2016, because sufficient grounds were presented to the Trial Court to support that Contest [SCR: 32].

After the Plaintiff/Appellant, Veronica L. Davis, dropped her claim for indigency status, the other Plaintiff/Appellant, James A. Davis, filed a motion challenging the Trial Court's order sustaining the contests to his indigency before this

Honorable Appellate Court. By Order dated March 31, 2016, this Honorable Appellate Court denied that motion. Therefore, this issue has already been resolved by this Honorable Appellate Court.

In the Appellant's Brief, regarding this issue, the Plaintiffs/Appellants reference documents that are not part of the record that is before this Honorable Appellate Court, and, therefore, should not be considered (See, e.g., Appellant's Brief, pp. 18, 20).

### G. There is nothing in the record before this Honorable Appellate Court to demonstrate that the Court made any "determination of mistake" that allegedly forced Plaintiffs/Appellants to non-suit Cause No. D-1-GN-13-001724

There is no record before this Honorable Appellate Court regarding any "determination of mistake" by the Trial Court which allegedly forced Plaintiffs/Appellants to non-suit Cause No. D-1-GN-13-001724, other than the matters asserted in the Motion to Reinstate Cause and Amended Motion to Reinstate Cause filed by the Plaintiffs/Appellants [CR: 292-317]. However, the allegations and attestations by the Plaintiffs/Appellants regarding this issue in those motions are vague, ambiguous, and factually in error [CR: 292-317].

As stated above, the issue of reinstatement was addressed to the sound discretion of the Trial Court. Hjalmarson v. Langley, 840 S.W.2d 153 (Tex. App.-

Waco 1992), and <u>McClendon v. State Farm Mutual Automobile Insurance Company</u>, 796 S.W.2d 229 (Tex. App.-El Paso 1990).

The Trial Court denied reinstatement, in its Order Denying Plaintiffs' Motion to Reinstate, signed on January 19, 2016 [CR: 318].

## CONCLUSION

The orders of the Trial Court pertaining to dismissal of Cause No. D-1-GN-13-001724 after the non-suit by the Plaintiffs/Appellants, and pertaining to denying reinstatement of that lawsuit, were proper, and were within the sound discretion of the Trial Court.

The Plaintiffs/Appellants have not presented a record before this Honorable Appellate Court relating to venue transfer, court order modification, continuance, contest to indigence, or "determination of mistake", such that there is no basis for the Plaintiffs/Appellants to seek any remedy from this Honorable Appellate Court regarding those issues.

Furthermore, this Honorable Appellate Court has already ruled upon the indigency issue herein, previously asserted by the Plaintiffs/Appellants in this appeal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee, GERALD KROUSE, respectfully prays the Order Denying Plaintiffs' Motion to Reinstate, signed on

January 19, 2016, by the 345th District Court, Travis County, Texas, and the preceding Order, signed on November 16, 2015, by that same District Court (which Order dismissed Cause No. D-1-GN-13-001724, following Plaintiffs/Appellants Notice of Non-Suit), be in all things affirmed, that Plaintiffs/Appellants take nothing against this Appellee, that this Appellee recover his costs, and for any and all other relief to which he may show himself justly entitled, at law or in equity.

## CERTIFICATE OF COMPLIANCE

Defendant/Appellee, Gerald Krouse, pursuant to Texas Rule of Civil Procedure 9.4, certifies that this document is in 14-point font or larger, and, according to the word count feature on WordPerfect, this document is 3,328.

*/S/ Gregory A. Whigham*

_____
Gregory A. Whigham

Respectfully submitted,

MacINNES, WHIGHAM & SIEFKEN, L.L.P.
3305 Northland Drive, Suite 205
Austin, TX 78731
512-477-6813 Telephone
512-477-7573 Facsimile


*/S/ Gregory A. Whigham*

By:_____
Gregory A. Whigham
State Bar No. 21266800
gwhigham@mwstx.com
ATTORNEY FOR APPELLEE,
GERALD KROUSE


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellee, Gerald Krouse was served on the parties listed below by the method indicated on this 6th day of October, 2016.

*/S/ Gregory A. Whigham*

_____
Gregory A. Whigham

***By Certified Mail, Return Receipt Requested and Facsimile:***

Ms. Veronica L. Davis
Law Office of Veronica L. Davis
226 N. Mattson
West Columbia, Texas 77486

Mr. Edward F. Kaye
Skelton & Woody
248 Addie Roy Rd., Ste. B-302
Austin, Texas 78746