**Dismissed and Memorandum Opinion filed December 11, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00817-CV

---

### NICOLE JEFFERSON, Appellant

### V.

### MARION JEAN PIRTLE, AS NEXT FRIEND OF MARION HAROLD ADAMS, Appellee

---

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-DCV-223283**

---

## M E M O R A N D U M   O P I N I O N

In this appeal, appellant Nicole Jefferson asks us to determine whether the trial court abused its discretion in issuing certain post-judgment orders. Jefferson challenges three post-judgment orders: (1) order and bill of costs and disbursements, signed December 19, 2016; (2) order and bill of costs and disbursements, signed April 13, 2017; and (3) order regarding sanctions, signed September 19, 2017. Jefferson also requests that this court construe appellant's brief as a petition for writ

of mandamus if we determine we lack jurisdiction. Because the trial court vacated its orders taxing costs, we dismiss this appeal for want of jurisdiction. We may not grant mandamus relief because Jefferson has an adequate remedy at law on appeal.

## I. Background

This is a personal injury case based on allegations of negligence. The underlying facts are undisputed. In 2015, when employed by Fort Bend County as a transit driver, Jefferson picked up an elderly passenger, Marion Harold Adams, who was confined to a motorized wheelchair. Jefferson failed to fasten one of the tie-down straps to Adams' wheelchair and it tipped during transport. Adams fell and sustained injuries. Adams' daughter, Marion Jean Pirtle, filed suit on his behalf against Jefferson in Fort Bend County. The parties tried the case to a jury in April 2016, and the jury returned a verdict in favor of Pirtle, including an award of damages. Consistent with the jury's verdict, the trial court signed a final judgment on May 9, 2016. The final judgment awarded unspecified court costs to Pirtle.

The parties did not file a post-trial motion that had the effect of extending appellate deadlines. Thus, the trial court lost plenary power on June 8, 2016, thirty days after signing the final judgment. Tex. R. Civ. P. 329b(d).

On July 11, 2016, Jefferson filed a motion to determine costs, asking the court to determine the amount of court costs due to Pirtle because the parties disagreed as to the amount.[1] A hearing was held on July 18, 2016, at which time the trial court made oral determinations. Prior to any order issuing, on August 18, 2016, Jefferson filed a motion to determine costs, wherein she asked the court to reconsider its

---

[1] Pirtle sought court costs in the amount of $7,709.90. Jefferson argued that $5,613.99 of the expenses presented were not taxable. Jefferson asked the court to determine the correct measure of court costs to be $2,095.91.

determination of court costs made during the July hearing.[2]

On December 19, 2016, the trial court signed an "Order and Bill of Costs and Disbursements," taxing in Pirtle's favor a total amount of $5,887.52.

On March 15, 2017, Jefferson filed a verified motion to reconsider costs, asserting that until March 13, 2017, Jefferson was unaware that an order had been proposed or signed by the trial court. In the verified motion, Jefferson asked the trial court to vacate the "Order and Bill of Costs and Disbursements" signed on December 19, 2016, and to issue a new order and bill of costs and disbursements in an amount of no more than $2,468.57.

On April 13, 2017, the trial court granted Jefferson's motion, vacated the order signed December 19, 2016, and replaced it with an "Order and Bill of Costs and Disbursements" taxing a total of $2,468.57 in Pirtle's favor.

On May 12, 2017, Pirtle filed a motion to reconsider the order on costs and asked the trial court to reconsider its order of April 13, 2017, and to reinstate its order of December 19, 2016. The trial court conducted a hearing on Pirtle's motion on June 5, 2017; the parties disputed whether Pirtle had petitioned for reimbursement for expert fees prior to the trial court losing plenary power. The trial court orally declared the following:

> Well, I'm going to vacate the April 13th order and push the ruling on that — and I'm going to give y'all time to find what you need to find, including any case law you want me to look at. I'm not reinstating the prior order. I'm leaving it in limbo until we can locate the stuff that I need to read.

The parties returned for a last hearing on July 10, 2017. Pirtle did not identify

---

[2] Jefferson asked the trial court to reconsider its decision that $228 for a deposition copy, $1,752 in costs associated with affidavits and copies of medical records, and $750 of Pirtle's expert expense were taxable court costs.

any place in the record where she had petitioned the trial court for the expert fees prior to the expiration of plenary power. Pirtle, however, made a new argument, suggesting the trial court levy a sanction for the expert fees without written motion from Pirtle and after plenary power had expired.

On September 19, 2017, the trial court issued its order regarding sanctions, purporting to sanction Jefferson under the following: Rule 13 of the Texas Civil Practice and Remedies Code[3] "because the third motion[4] contesting costs was brought in bad faith;" Chapter 10 of the Texas Civil Practice and Remedies Code,[5]

---

[3] Rule 13 provides that pleadings that are groundless and in bad faith, intended to harass, or false when made are also sanctionable:

> The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who . . . make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. . . .

> Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. . . .

Tex. R. Civ. P. 13.

[4] Jefferson filed three motions regarding costs: (1) motion to determine costs fled July 16, 2016; (2) motion to determine [reconsider] costs filed August 18, 2016; and (3) verified motion to reconsider costs filed March 15, 2017. Pirtle identified the verified motion to reconsider costs as the "third Motion relating to costs."

[5] Chapter 10 allows sanctions for pleadings filed with an improper purpose or that lack legal or factual support. It provides that upon signing a pleading or motion, a signatory attests that:

> (1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]

> (3) each allegation or other factual contention in the pleading or motion has evidentiary support or, for a specifically identified allegation or factual contention, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . .

"because [Jefferson's] third motion contesting costs was presented for an improper purpose, including to harass, cause unnecessary delays and needlessly increase in the cost of litigation;" and the trial court's "inherent powers,[6] as it "unreasonably interfered with the trial court's core functions by multiplying proceedings in bad faith."

Jefferson filed a notice of appeal attempting to appeal from the trial court's orders of December 19, 2016, April 13, 2017, and September 19, 2017.

On October 4, 2018, this court notified the parties that the appeal would be dismissed for lack of jurisdiction unless a party filed a response showing meritorious grounds for continuing the appeal. Both parties responded with letters. Jefferson asks that if the court determines it has no appellate jurisdiction, to allow the letter to serve as an alternative request to treat her appeal as a petition for writ of mandamus, arguing that the mandamus standards apply in this case. Pirtle, on the other hand, contends the case should be dismissed for lack of appellate jurisdiction, and that conversion to a mandamus would place a high burden on court resources in a case where the amount in controversy is trivial.

---

.

Tex. Civ. Prac. & Rem. Code § 10.001.

[6] "Texas recognizes inherent judicial power—a power that is not derived from a specific legislative grant or constitutional provision but exists to enable a court to effectively perform its judicial functions and to protect its dignity, independence, and integrity." *Hjalmarson v. Langley*, 840 S.W.2d 153, 155 (Tex. App.—Waco 1992, no writ) (citing *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398–99 (Tex. 1979)).

## II.     Jurisdictional Analysis

### A.     Does this court have appellate jurisdiction over the orders signed in December 2016 and April 2017, related to costs?

It is undisputed that Jefferson may appeal the trial court's final ruling on the amount of costs awarded to Pirtle. *See Operation Rescue–Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 87 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546, 570 (Tex. 1998). Here, however, the trial court has not yet made such a ruling. By order signed April 13, 2017, the trial court vacated and replaced its order on costs signed December 19, 2016. During the hearing on June 5, 2017, the trial court vacated its April 13, 2017 order on costs. The trial court's June 5, 2017, ruling resulted in the trial court having made no determination as to the amount of court costs that Jefferson must pay. Jefferson does not cite any part of the record in which she requested after June 5, 2017, a ruling on costs and the trial court refused to rule. The record does not reflect an order from which an appeal could be taken. *See Res. Health Servs. v. Acucare Health Strategies*, No. 14–06–00849–CV, 2007 WL 4200587, at \*1–2 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because record did not reflect a judgment or order from which an appeal could be taken).

### B.     Does this court have appellate jurisdiction over the sanctions order signed September 2017?

Jefferson may appeal the sanctions order as part of her appeal of a ruling on the amount of court costs that she owes. But, because the trial court has not yet ruled on the amount of court costs that Jefferson owes, this court lacks appellate jurisdiction over the sanctions order. As such, we render no opinion on Jefferson's challenges to the sanctions order.

**C.** **Should this court consider appellant's appeal as a petition for a writ of mandamus?**

To be entitled to the extraordinary relief of a writ of mandamus, Jefferson must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Gulf Exploration, LLC*, 289 S.W.3d 836, 842 (Tex. 2009) (orig. proceeding). For the reasons set forth above, Jefferson has adequate appellate remedies after the trial court rules on costs. Therefore, this court may not grant mandamus relief.

### III. Conclusion

Because the appellate record does not reflect a ruling on the court costs owed by Jefferson and because Jefferson may not immediately appeal the sanctions order, we lack jurisdiction over this appeal. Moreover, because Jefferson has an adequate remedy by appeal, she has not shown entitlement to mandamus relief even if we were to treat this appeal as a petition for writ of mandamus. Accordingly, we dismiss this appeal for lack of jurisdiction.

/s/    John Donovan
       Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

7